[No. 24449-3-I. Division One. January 14, 1991.]

EDWARD R. WOLFE, *Respondent*, v. WILLIAM A. LEGG, *Appellant*.

*Gregory Sisk, Terence Lukens,* and *Karr Tuttle Campbell,* for appellant.

*Wilton Viall* and *Simmons, Viall & Lee,* for respondent.

BRITT, J.*—Respondent, Edward R. Wolfe, initiated the present action to recover money allegedly owed to him by appellant William A. Legg for services rendered pursuant to an agreement under which Wolfe was to perform accounting services in connection with the marriage dissolution proceedings involving Legg and his now ex–wife. Following a nonjury trial of the matter the trial court entered judgment for Wolfe. Legg has timely brought this appeal.

Legg presents two assignments of error on the basis of which he seeks to have the trial court's judgment reversed. The first assignment asserts that the trial court improperly denied Legg's motion to amend his answer to add a counterclaim 2 weeks prior to the date on which trial commenced. The second assignment asserts error in the trial court's rulings limiting the scope of the testimony to be elicited by Legg's counsel during trial. We affirm.

## FACTS

As stated, the genesis of this dispute lay in the marriage dissolution proceedings between Legg and his ex–wife which culminated in a decision entered September 23, 1987. Legg is an entrepreneurial businessman who was the sole stockholder in several corporations involved in lumber treating and real estate in Seattle and on the island of Hawaii. Wolfe was the CPA for some of these entities from 1979 to 1985. Legg's apparent net worth at the time of his marriage was approximately $1 million. The chief problem before the dissolution court was the valuation of Legg's net worth at the date of the filing of the marriage dissolution proceedings. In April 1987 Wolfe was hired by Legg to perform expert witness and associated consulting services as an accountant in connection with the marriage dissolution proceedings.

The trial of the dissolution took 35 days, involved 706 exhibits and resulted in over $700,000 in attorney fees and costs. Wolfe prepared exhibits and attended depositions

---

*Judge Dennis J. Britt is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

and gave testimony both at the depositions and at trial. Wolfe billed Legg $60,201 for services rendered in regard to the dissolution. Legg paid $25,760 but refused to make additional payments on the balance due of $34,441.

Wolfe initiated the present action in March 1988. No answer was filed by Legg's first attorney until September 28, 1988. In this answer Legg stated a counterclaim for lumber, materials and appliances earlier furnished to Wolfe. No response was filed to this counterclaim.

In February 1989 this matter went to arbitration after Legg's second attorney had obtained a continuance. Legg appeared pro se at the arbitration hearing and an award was entered in favor of Wolfe. New counsel for Legg filed a request for a trial de novo on March 10, 1989. The matter was set for trial on May 26, 1989.

On April 13, 1989, Legg, again with different counsel, requested a continuance of the trial date. The reason given for seeking the continuance was a desire to explore the possibility of a counterclaim for professional malpractice. The continuance was denied but an order was entered extending discovery through May 15, 1989.

On May 15, 1989, Legg filed a motion to amend his answer to add a counterclaim for professional malpractice allegedly resulting from negligent performance of the duties undertaken by Wolfe in regard to the dissolution proceeding. Wolfe filed a declaration in opposition which included an allegation that he would be substantially prejudiced by the allowance of the counterclaim at this late date. Wolfe supported this allegation with a statement of reasons as to why he would be prejudiced.

The trial court denied the request to add the counterclaim, finding that the motion was not timely. Noting that Legg was now represented by his fourth attorney in the matter, the court stated that the counterclaim was based on facts that were known or could have been discovered if Legg's prior counsel had not unduly delayed discovery. The court found that Legg's prior actions had prejudiced Wolfe

through delay of the case and that further delays necessitated by adding the counterclaim would further add to that prejudice.

The matter proceeded to trial on May 30, 1989. In the course of the trial Legg was permitted to go into areas of certain mistakes which he alleged that Wolfe had made in the preparation of the financial materials presented to the dissolution court. However, the trial court granted Wolfe's motion in limine to keep out any testimony relating to the claim of professional malpractice or to the issue of failure of consideration, which Legg had not attempted to raise as an affirmative defense.

At the conclusion of the trial judgment was entered for Wolfe for the balance claimed to be due, plus prejudgment interest from the date of billing and attorney fees. Legg has appealed from the judgment challenging only the rulings on the motion to add the counterclaim and the motion in limine. No challenge has been brought to the trial court's findings of fact. In those findings of fact the trial court indicated that the "counterclaim" initially raised in Legg's answer had related to events prior to the engagement which resulted in this litigation, and that Legg had been fully credited for that material.

### THE MOTION TO AMEND

On appeal Legg first presents the argument that the trial court erred in denying his motion to add the counterclaim on the ground that, under CR 15(a), he was entitled to add the counterclaim as a matter of right. CR 15(a) provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

(Italics ours.) Legg argues that, because Wolfe failed to file a response to the counterclaim presented in his original answer, the italicized portion of CR 15(a) would allow amendment to state the new counterclaim as a matter of course at any time.

However, as pointed out by Wolfe, this is not a theory that was presented to the trial court.[1] In his argument in support of his motion to add the counterclaim Legg made it clear that he was relying on the provisions of CR 13(f) in seeking leave to amend. CR 13(f) provides that an omitted counterclaim may be added by amendment by leave of the trial court. In his argument below Legg made reference to CR 15(a) only as a guide to the trial court as to the liberal standard to be applied in determining whether to allow such an amendment. Legg did not present the theory that he was entitled to add the amendment as a matter of course under CR 15(a).

A theory that was not presented to the trial court will not be considered on appeal unless it presents an issue of manifest error affecting a constitutional right. *Smith v. Shannon,* 100 Wn.2d 26, 37, 666 P.2d 351 (1983); *Wilson v. Steinbach,* 98 Wn.2d 434, 440, 656 P.2d 1030 (1982); *Boeing Co. v. State,* 89 Wn.2d 443, 450, 572 P.2d 8 (1978); *Talps v. Arreola,* 83 Wn.2d 655, 658, 521 P.2d 206 (1974); *Stork v. International Bazaar, Inc.,* 54 Wn. App. 274, 281–82, 774 P.2d 22 (1989). The reason for this rule is to ensure that the trial court is afforded the opportunity to correct any

---

[1] An argument was also presented to the trial court and on appeal that Legg's counterclaim was totally devoid of merit as a result of the decision in *Bruce v. Byrne–Stevens & Assocs. Eng'rs, Inc.,* 113 Wn.2d 123, 776 P.2d 666 (1989), in which absolute immunity was extended to expert witnesses in regard to claims based on activities in conjunction with their trial testimony. However, *Bruce* was the result of a plurality decision with the fifth vote, concurring in the result only, being unaccompanied by an opinion. We therefore do not find it possible to assess the correct holding of the case. *See In re Jeffries,* 114 Wn.2d 485, 499–500, 789 P.2d 731 (1990) (Brachtenbach, J., concurring in part, dissenting in part). Because we decide the current case without addressing the issue of the merit of the counterclaim, we need not address the question of the application of *Bruce.*

error that might occur, thereby avoiding unnecessary appeals and retrials. *Smith v. Shannon, supra* at 37.

Legg seeks to avoid the result that this rule entails by arguing that the issue presented to the trial court was whether he could add a new counterclaim by amendment, thus bringing his case within the scope of *Bennett v. Hardy,* 113 Wn.2d 912, 784 P.2d 1258 (1990), and allowing the appellate court to consider applicable statutory authority (and by implication applicable court rules) even though that authority was not argued to the trial court. The issue discussed in *Bennett* was the right to maintain an action based on age discrimination. In *Bennett* the court held that once that issue was raised it was proper to consider on appeal whether a statute not argued to the trial court allowed that action to be brought under the facts of that case. We find that the consideration of the applicability of CR 15(a) is appropriate under the reasoning of *Bennett.*

We note that the question of the application of CR 15(a) to a situation involving an omitted counterclaim is less than clear. In the case of *Walla v. Johnson,* 50 Wn. App. 879, 885, 751 P.2d 334 (1988), this court followed the Sixth Circuit Court of Appeals in its decision in *Stoner v. Terranella,* 372 F.2d 89 (6th Cir. 1967), and stated that CR 13(f) and CR 15(a) were mutually exclusive in the sense that the assertion of an omitted counterclaim is made pursuant to CR 13(f) and not pursuant to CR 15(a). This is of great significance since CR 13(f) only provides for the assertion of the omitted counterclaim on leave of the court, and contains no provision allowing for the assertion as a matter of course. We recognize that there is contrary authority which would hold that CR 15(a) would apply in a situation where no responsive pleading has been filed. *See A.J. Indus., Inc. v. United States Dist. Court,* 503 F.2d 384 (9th Cir. 1974). However, it does not appear that this question has been dealt with in enough cases for either view to have yet gained the support of the "overwhelming weight of authority", contrary to Legg's assertions.

■ Assuming, arguendo, that CR 13(f) is not to be interpreted as the exclusive provision governing the addition of counterclaims, under the facts of this case, we find Legg's argument that CR 15(a) would allow the filing of the counterclaim as a matter of course to be unpersuasive. Legg's argument in regard to the applicability of the rule appears to be founded on an overly simplistic reading of CR 15(a). We note that CR 15(a) also provides, in relation to amendment in an instance where no responsive pleading is permitted, that no amendment is to be made as a matter of course once the matter is set for trial. This conditioning of the right to amend on allowance by the court or agreement of the opposing party is intended to prevent the filing of last minute amendments which would have the potential of prejudicing the opposing party and the judicial process. The same reasoning would certainly apply in the present situation where a responsive pleading, although permitted, had not been filed and the matter had proceeded through arbitration and had been set for trial. In order to prevent the potential of prejudice arising from the unbridled right to file amendments as a matter of course at any time, we find that the proper interpretation to be given to CR 15(a) would be that, once a matter is set for trial, permission of the trial court is required for the filing of an amended pleading, regardless of whether a responsive pleading has been filed.

Having found that leave of court was required for the filing of the amended pleading asserting the new counterclaim, we turn to the issues of the propriety of the trial court's rulings denying Legg's motion to file the amended pleading and limiting the scope of testimony to be presented by Legg at trial. On both issues we find that the trial court did not abuse its discretion.

We affirm.

252

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

WEBSTER, A.C.J., and BAKER, J., concur.