[No. 15438-2-II. Division Two. March 8, 1994.]

LEONA SMUKALLA, ET AL, *Respondents,* v. EDWARD BARTH, ET AL, *Appellants.*

*Harold E. Winther* and *Harold E. Winther, P.S.,* for appellants.

*Ronald E. Thompson* and *Thompson, Krilich, LaPorte, Tucci & West,* for respondents.

SEINFELD, A.C.J. — This case involves the procedure for seeking an award of attorney fees following mandatory arbitration. The arbitrator found for defendant Edward Barth and awarded nothing to plaintiff Leona Smukalla. Barth then presented a judgment on the award to the superior court for approval and filing. A month after entry of the judgment, Barth moved in superior court for attorney fees. The trial court denied the motion. Barth appeals. We affirm.

Leona Smukalla sued Edward Barth[1] in Pierce County Superior Court; she did not plead any particular amount of damages. Neither party ever made an offer of settlement conforming to RCW 4.84.280. Smukalla noted the case for mandatory arbitration, stating her claim was $35,000 or less. The Superior Court granted partial summary judg-

---

[1]The primary parties' spouses are also named parties; for convenience, we will refer to Leona Smukalla and Edward Barth as the sole parties.

ment to Barth, dismissing two of Smukalla's five claims before arbitration.

The arbitrator found for Barth and awarded nothing to Smukalla. Barth did not seek an award of attorney fees from the arbitrator on any theory, and the arbitrator did not award attorney fees. Neither party sought trial de novo. Three months after the arbitrator filed his award, Barth obtained entry of judgment on the arbitrator's award pursuant to MAR 6.3. That judgment awarded $125 in costs and no attorney fees.

One month later, Barth moved in superior court for attorney fees on two grounds: (1) as a party prevailing against an unfounded and frivolous action or claim under RCW 4.84.185 and CR 11; and (2) as the prevailing party under RCW 4.84.250-.290. Smukalla opposed the motion as untimely and without merit. The Superior Court concluded that the arbitrator no longer had jurisdiction to consider the attorney fee request. It also stated that it could not consider the merits of Barth's motion because it had not tried the case nor heard the testimony. Nor was it willing to require the arbitrator to answer Barth's proposed interrogatories regarding the merits of his attorney fees claim. Neither party cited the Pierce County Local Mandatory Arbitration Rules (PCLMAR) before the Superior Court; consequently, the court did not consider them. The Superior Court denied the request for attorney fees.

We note first that Barth's claim for attorney fees under RCW 4.84.250 is without merit. That statute allows attorney fees for prevailing parties only. Barth is not a prevailing party as defined by RCW 4.84.270. Smukalla did not plead damages of $10,000 or less and Barth did not make an offer of settlement as defined by RCW 4.84.280.

Barth relies most heavily on RCW 4.84.185[2] to support his claim for attorney fees. His appeal assumes that there is

---

[2]At the time of Barth's motion, RCW 4.84.185 provided in part as follows:

"In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reason-

no statute or rule establishing the procedure for seeking attorney fees when an arbitrator, not a judge, hears the case. On the other hand, Smukalla argues on appeal that PCLMAR 6.1 governs the award of attorney fees and that Barth failed to comply with that rule, especially its time limits. Smukalla failed to cite this rule to the Superior Court.

 PCLMAR 6.1 and other Pierce County local arbitration rules provide that the arbitrator has authority to award attorney fees and that a party seeking fees must meet certain deadlines. We will consider and apply all court rules and statutes that bear on the issues before the Superior Court; such authorities are properly before this court, even if not argued to the lower court. *Wolfe v. Legg*, 60 Wn. App. 245, 250, 803 P.2d 804 (1991); *Batten v. Abrams*, 28 Wn. App. 737, 742-43, 626 P.2d 984 (local rule), *review denied*, 95 Wn.2d 1033 (1981); *see Bennett v. Hardy*, 113 Wn.2d 912, 918, 784 P.2d 1258 (1990) (statutes); *State v. Halsen*, 111 Wn.2d 121, 123, 757 P.2d 531 (1988) (statutes); *State v. Card*, 48 Wn. App. 781, 784, 741 P.2d 65 (1987) (court rule); *Wojt v. Chimacum Sch. Dist. 49*, 9 Wn. App. 857, 862 n.4, 516 P.2d 1099 (1973) ("statutes and authorities"). In addition, we may sustain the trial court on any proper ground supported by the record. *Hanson v. Snohomish*, 121 Wn.2d 552, 557 n.10, 852 P.2d 295 (1993); *Nast v. Michels*, 107 Wn.2d 300, 308, 730 P.2d 54 (1986).

The Superior Court Mandatory Arbitration Rules "may be supplemented by local superior court rules". MAR 8.2. Under MAR 3.2(8), "[a]n arbitrator has the authority to . . . [p]erform other acts as authorized by . . . local rules adopted and filed under rule 8.2." The Pierce County Superior Court has

---

able expenses, including fees of attorneys, incurred in opposing such action . . .. This determination shall be made upon motion by the prevailing party after . . . final judgment after trial or other final order terminating the action as to the prevailing party. In no event may such motion be filed more than thirty days after entry of the order. The judge shall consider the action . . . as a whole.

"The provisions of this section apply unless otherwise specifically provided by statute." Laws of 1987, ch. 212, § 201, p. 775. The statute was amended by Laws of 1991, ch. 70, § 1, p. 418.

adopted and filed local mandatory arbitration rules. Under the local rules, "[a]n arbitrator has the authority to . . . [a]ward attorney fees, as authorized by these rules, by a contract or by law." PCLMAR 3.2(c). "Any motion for actual attorney fees, whether pursuant to contract, statute, or recognized ground in equity, must be presented to the arbitrator . . .." PCLMAR 6.1(c).

Pierce County's local rules provide detailed procedures governing motions for and awards of attorney fees in mandatory arbitration. The party seeking fees must submit his or her motion to the arbitrator within 7 days of receipt of the award from the arbitrator. PCLMAR 6.1(c)(1). The arbitrator must produce a written decision within 14 days of the motion. PCLMAR 6.1(c)(3). If the arbitrator decides to award attorney fees, the arbitrator must file an amended award; if the arbitrator decides to deny attorney fees, the arbitrator must serve the parties with the decision denying fees. PCLMAR 6.1(c)(4). The arbitrator may choose to hold a hearing on the fee issue. PCLMAR 6.1(c)(5).

▮ Barth did not present his motion for attorney fees to the arbitrator and did not move for attorney fees until more than 4 months after the arbitrator had filed his decision. He did not comply with the applicable local rules and is not entitled to attorney fees.

A recent case involving a Yakima County local mandatory arbitration rule and RCW 4.84.250 supports our decision. *See Trusley v. Statler*, 69 Wn. App. 462, 849 P.2d 1234 (1993). The Yakima County Superior Court also had adopted a local rule authorizing the arbitrator to award attorney fees "as authorized by these rules[,] by contract[,] or by law." *Trusley*, 69 Wn. App. at 464 n.2 (quoting PCLMAR 3.2(b)). The defendants won at arbitration, and the trial court awarded attorney fees when it entered judgment on the arbitration award. Division Three, in reversing the attorney fee award, said that the Superior Court had "delegated the authority to award attorney fees in mandatory arbitration hearings to the arbitrator." *Trusley*, 69 Wn. App. at 464.

In *Trusley* neither party sought de novo review. Thus, the victorious defendants were limited to judgment on the arbitrator's award. *Trusley*, 69 Wn. App. at 464. The *Trusley* court reasoned:

Since the Statlers [Defendants] did not ask the arbitrator to exercise his delegated authority and award them attorney fees under RCW 4.84.250 for the arbitration hearing, fees were not part of the arbitration award. Consequently, they cannot become part of the final judgment. Both parties, by not asking for a trial de novo, accepted the arbitrator's award and may not alter it by requesting action by the Superior Court which would amend that award.

69 Wn. App. at 464-65. The *Trusley* court's reasoning applies to Barth's motion for attorney fees, as well.

Barth contends that PCLMAR 3.2(c) and 6.1(c) conflict with RCW 4.84.185. He points to the statute's reference to "the court" awarding attorney fees after "the judge" determines the action frivolous. The statute refers to a motion filed *after* "final judgment" or "other final order" but not filed later than 30 days after the final order. RCW 4.84.185.

■ We must reconcile or harmonize apparently inconsistent court rules and statutes when possible.[3] *State v. Thomas*, 121 Wn.2d 504, 511, 851 P.2d 673 (1993); *Nearing v. Golden State Foods Corp.*, 114 Wn.2d 817, 821, 792 P.2d 500 (1990); *State v. Ryan*, 103 Wn.2d 165, 178, 691 P.2d 197 (1984); *Emwright v. King Cy.*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981).

---

[3]Because the Washington Supreme Court has inherent and supreme power to promulgate rules governing court procedures, procedural court rules supersede conflicting statutes. *State v. Thomas*, 121 Wn.2d 504, 509-12, 851 P.2d 673 (1993); *Nearing v. Golden State Foods Corp.*, 114 Wn.2d 817, 821, 792 P.2d 500 (1990); *State v. Smith*, 84 Wn.2d 498, 527 P.2d 674 (1974); *Petrarca v. Halligan*, 83 Wn.2d 773, 776, 522 P.2d 827 (1974); *see also* RCW 2.04.190, .200. However, in at least one situation, when the Supreme Court determined that a *local* court rule was not reconcilable with a statute, the statute prevailed. In that case a *local* court rule restricted the exercise of a litigant's statutory right to disqualify a trial judge (RCW 4.12.050) by requiring a more restrictive time limitation for filing an affidavit of prejudice. *In re Marriage of Lemon*, 118 Wn.2d 422, 423-24, 823 P.2d 1100 (1992); *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 293, 803 P.2d 798 (1991). We are able to reconcile PCLMAR 6.1(c) and 3.2(c) with RCW 4.84.185, so we need not decide which would control if they conflicted irreconcilably.

Our task then is to reconcile PCLMAR 3.2(c) and 6.1(c) with RCW 4.84.185. RCW 4.84.185 contemplates that a fact-finding judge will enter the findings necessary to support a fee award before awarding attorney fees. However, under RCW 7.06 and the Superior Court Mandatory Arbitration Rules, an arbitrator sometimes acts as the fact-finding "judge" and makes the findings necessary for an attorney fee award. This process is consistent both with PCLMAR 3.2(c) and 6.1(c) and with RCW 4.84.185. Under both RCW 4.84.185 and MAR 6.3, the action returns to the superior court for entry of judgment; if the arbitrator has awarded attorney fees, those fees are part of the judgment entered by the superior court. The superior court thus enters judgment on the fees under both the statute and the rule. The rule and statute are not in conflict.

Further, the arbitration rules do not prevent the parties from disputing the fee award in superior court, as contemplated by RCW 4.84.185. A party aggrieved by the arbitrator's fee award may seek a trial de novo. RCW 7.06.050; MAR 7.1. An aggrieved party could also challenge the arbitrator's award before the superior court by claiming a manifest procedural error, but could not otherwise avoid the arbitrator's award without pursuing a trial de novo.

Barth failed to comply with PCLMAR 6.1(c), by which rule the Superior Court delegated its authority to award attorney fees to the arbitrator. Barth's request for attorney fees was too late and in the wrong forum. The Superior Court did not err in denying his motion. We affirm.

ALEXANDER and HOUGHTON, JJ., concur.