[No. 21902-6-II. Division Two. January 22, 1999.]

JUNE BONGIRNO, *Appellant*, v. RONALD M. MOSS, ET AL., *Respondents*.

*Anthony Haselman*, for appellant.

*Gregory S. McElroy* of *Gregory S. McElroy, P.L.L.C.*, for respondents.

HUNT, J. — June Bongirno appeals the superior court's award of attorney fees to Ronald and Rosalie Moss under RCW 4.84.330 after confirming an arbitration award that did not include attorney fees. Holding that the superior

court had no authority to exceed the arbitration award, by adding attorney fees, we reverse.

## FACTS

In 1990, Ronald and Rosalie Moss (Moss) signed a written contract to sell property to Interstate Service Corporation, incorporated in Colorado but unregistered to conduct business in the State of Washington. The contract allowed attorney fees to the prevailing party in an action to enforce contractual rights.

Claiming that Moss had breached, Interstate did not complete the purchase, sought return of its earnest money, and assigned its claim to June Bongirno,[1] who had supplied $10,000 for an extension of the earnest money. In August 1995, Bongirno sued Moss in Thurston County Superior Court to recover Interstate's earnest money. Moss moved for summary judgment, specifically seeking attorney fees under the terms of the contract. The court submitted the case to mandatory arbitration under RCW 7.06.020(1).

On February 13, 1997, the arbitrator dismissed the action without prejudice under RCW 23B.15.020(2), which bars a foreign corporation's assignee from maintaining a lawsuit in Washington state courts if the corporation has no Washington certificate of authority. Because Interstate Service Company was a foreign corporation lacking the requisite certificate, Bongirno's claim was barred. The arbitration award was silent on the subject of attorney fees.[2]

Thirteen days later, the arbitrator wrote a letter, declining to award attorney fees and costs[3] or to impose CR 11 sanctions:

[T]hese points are properly for the court to decide at or after

---

[1]Bongirno's debts were discharged in bankruptcy on December 24, 1996.

[2]For purposes of MAR 6.1-.3, the arbitration decision was final.

[3]Apparently Moss requested these fees in a postarbitration letter to the arbitrator.

the time of judgment, whether the judgment is on my decision because trial has not been requested, or whether the judgment is after trial or other proceedings in court.

This letter is not legally part of the arbitrator's award because the record does not reflect that it was served on the parties within 14 days of the award; nor does the letter purport to amend the award.

On March 18, 1997, three months after Bongirno was declared bankrupt, Moss moved in the superior court to enter the arbitration judgment and to award costs and attorney fees.[4] Relying on the Moss/Interstate purchase and sale agreement, Moss asked the court to grant fees under RCW 4.84.330, which mandates an award of attorney fees when a contract or lease so provides. In response, Bongirno claimed attorney fees under CR 11, asserting that Moss's motion for attorney fees was frivolous.

The trial court confirmed the arbitration award as a final judgment and granted Moss $15,000 in attorney fees based upon the contract and RCW 4.84.330. The court declined to award CR 11 sanctions to either party.

## ANALYSIS
### I. Standard of Review

We do not review the merits of an arbitration award; rather, our review is "limited to that of the court which confirmed, vacated, modified or corrected that award." *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992). The trial court confirms an arbitration award as the judgment unless there exists a statutory ground for vacation, modification, or correction. *Expert Drywall, Inc. v. Ellis-Don Constr., Inc.*, 86 Wn. App. 884, 888, 939 P.2d 1258 (1997). Appellate review is thus limited to a review of statu-

---

[4]Under RCW 7.04.150, a party can ask the superior court to confirm the arbitration award.

tory grounds for vacation, modification, or correction of the arbitration award.

## II. Superior Court Power to Award Attorney Fees

█ A superior court has no power to award attorney fees unless authorized by statute, contract, or recognized ground of equity; there is no right at common law to recover attorney fees. *State ex rel. Macri v. City of Bremerton*, 8 Wn.2d 93, 113-14, 111 P.2d 612 (1941). RCW 4.84.330 provides that when a contract or lease specifically provides for attorney fees, the prevailing party "shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements." On its face, this statute entitles Moss, as the prevailing party in an "action on a contract," to reasonable attorney fees.

█ But it was for the arbitrator to determine who was the prevailing party under the contract. And when the arbitration award omitted attorney fees, the superior court could not go behind the face of the award to grant attorney fees, unless authorized by statute. *See Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 279, 876 P.2d 896 (1994); *Anderson v. Farmers Ins. Co.*, 83 Wn. App. 725, 923 P.2d 713 (1996) *review denied*, 132 Wn.2d 1006 (1997). When confirming an arbitration award, a superior court "may either confirm, vacate, modify, or correct an arbitration award for the specific reasons set forth in RCW 7.04.150-.170." *Dayton*, 124 Wn.2d at 279. A trial court may modify or correct an arbitration award only when there is an evident miscalculation of figures, the award is imperfect in a matter of form, or the arbitrator acted upon a subject matter not submitted for arbitration. RCW 7.04.170. Here, the trial court confirmed the award, but improperly attempted to amend it by awarding attorney fees.

Bongirno argues that (1) absent a trial de novo, the superior court lacks authority to "amend" an arbitrator's decision by awarding fees; and (2) because the arbitrator did not award fees, the issue is closed. The arbitration

statutes, chapters 7.04 and 7.06 RCW, are silent concerning attorney fees in this situation.[5] MAR 7.3 provides:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. . . . Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.

But here, neither party requested a trial de novo, so none was conducted.

Other than in connection with a trial de novo, the Mandatory Arbitration Rules are silent about attorney's fees. MAR 3.2(8) provides only that arbitrators have authority to "[p]erform other acts as authorized by these rules or local rules adopted and filed under rule 8.2." Thus, we look to Thurston County's local rules.

Although Thurston County LMAR 3.2(b) gives an *arbitrator* authority to award "attorney's fees as authorized by these rules, by contract or by law," this rule is silent on the *court's* authority to award fees *when confirming an arbitration award*. In summary, neither statute nor court rule supports the trial court's award of attorney fees to Moss as part of the award confirmation under RCW 7.04.150.

But case law supports Bongirno. In *Trusley v. Statler*, 69 Wn. App. 462, 849 P.2d 1234 (1993), an arbitrator dismissed a breach of contract action but denied attorney fees to defendants, who contended that the action was frivolous under RCW 4.84.185. The defendants then moved in superior court for judgment on the award, asking the court for attorney fees under RCW 4.84.250 because the plaintiff had rejected a settlement offer. The trial court awarded the requested fees to defendants. Division Three reversed, concluding that by adopting a local mandatory arbitration

---

[5]RCW 7.04.190 simply gives the superior court discretion to award up to $25 in costs, plus "disbursements," on an application to confirm, modify, or vacate an arbitrator's award. RCW 7.06.060 gives the Supreme Court authority to adopt a rule permitting the trial court to assess attorney's fees and costs against a party who fails to improve his position after trial de novo.

rule (identical to Thurston County's LMAR 3.2(b)), the superior court had "delegated the authority to award attorney fees in mandatory arbitration hearings to the arbitrator." *Trusley*, 69 Wn. App. at 464. The court held:

> Here, Ms. Trusley [plaintiff] did not seek a trial de novo. In these circumstances, the Statlers [defendants] are limited to judgment on the arbitrator's award. *See* MAR 6.3 which provides that the prevailing party 'shall present to the court a *judgment on the award of arbitration* for entry as the final judgment.' (Emphasis added.) Since the Statlers did not ask the arbitrator to exercise his delegated authority and award them attorney fees under RCW 4.84.250 for the arbitration hearing, fees were not part of the arbitration award. Consequently, they cannot become part of the final judgment. Both parties, by not asking for a trial de novo, accepted the arbitrator's award and may not alter it by requesting action by the Superior Court which would amend that award. The fee award was not proper.

69 Wn. App. at 464-65.

We, too, considered this subject in *Smukalla v. Barth*, 73 Wn. App. 240, 868 P.2d 888 (1994). Smukalla sued Barth, the case went to arbitration, the arbitrator found for Barth, and Barth did not ask the arbitrator for attorney fees. Neither side requested a trial de novo. The trial court granted Barth's motion to confirm the award. Three months later, Barth moved in superior court for an award of attorney fees, alleging that (a) the lawsuit was frivolous and (b) he was entitled to fees as the prevailing party under RCW 4.84.250-.290. *Smukalla*, 73 Wn. App. at 242. The superior court declined.

On appeal, we observed that Pierce County Local Mandatory Arbitration Rule 3.2(b) (identical to Thurston County LMAR 3.2(b)) authorized the arbitrator to award attorney fees and that other local rules prescribed procedures for claiming such fees. *Smukalla*, 73 Wn. App. at 243-44. Citing *Trusley*, we held that because Barth had not complied with local rules by submitting his attorney fee claim to the arbitrator, he was not entitled to fees from the court. *Smukalla*, 73 Wn. App. at 244-45. We elaborated as follows:

RCW 4.84.185 contemplates that a fact-finding judge will enter the findings necessary to support a fee award before awarding attorney fees. However, under RCW 7.06 and the . . . Mandatory Arbitration Rules, an arbitrator sometimes acts as the fact-finding 'judge' and makes the findings necessary for an attorney fee award. . . . Under both RCW 4.84.185 and MAR 6.3, the action returns to the superior court for entry of judgment; if the arbitrator has awarded attorney fees, those fees are part of the judgment entered by the superior court. . . .

Further, the arbitration rules do not prevent the parties from disputing the fee award in superior court, as contemplated by RCW 4.84.185. A party aggrieved by the arbitrator's fee award may seek a trial de novo. RCW 7.06.050; MAR 7.1. An aggrieved party could also challenge the arbitrator's award before the superior court by claiming a manifest procedural error,[6] but could not otherwise avoid the arbitrator's award without pursuing a trial de novo.

Barth failed to comply with PCLMAR 6.1(c), by which rule the Superior Court delegated its authority to award attorney fees to the arbitrator. Barth's request for attorney fees was too late and in the wrong forum.

*Smukalla*, 73 Wn. App. at 246.

Under the foregoing cases and Thurston County's local rules, when the arbitrator declined to award attorney fees, Moss's remedy in superior court was either to claim a "manifest procedural error" by the arbitrator or to seek a trial de novo. Otherwise, having delegated that duty to the arbitrator, the superior court had no authority to consider the question of attorney fees.

### III. Arbitrator's Letter Deferring Attorney Fees

MAR 6.1 requires the arbitrator to "determine all issues raised by the pleadings, including . . . damages." If Moss

---

[6]This phrase apparently refers to RCW 7.04.170, which permits the superior court to modify or correct an arbitration award on grounds of "evident miscalculation of figures, or an evident mistake in the description of any person, thing or property," or "imperfect[ion] in a matter of form, not affecting the merits of the controversy."

were entitled under the contract to collect attorney fees as the prevailing party in an action to enforce the contract, then the proper forum in which to plead and to receive such fees was the arbitration. Under MAR 6.2 an arbitrator may amend the award "to correct an obvious error made in stating the award" either within 14 days after filing and service of the award or later, only if allowed by the court. Otherwise, the arbitration award becomes final upon presentation to the court for entry, if no party has sought a trial de novo within 20 days of the award's filing and service.

Moss argues that the arbitrator here expressly deferred the question of fees to the trial court,[7] in either a trial de novo or a proceeding to confirm the arbitrator's award.[8] We do not agree that this letter provides Moss with grounds for relief. First, the arbitrator clearly stated in his written arbitration award:

> This Arbitration Decision is *final*. It is an "Award" for purposes of MAR 6.1 – 6.3. Twenty days after this award has been filed with the Clerk of the Court . . ., if no party has sought a trial de novo, any party on notice to all parties may present to the Presiding Judge a judgment on arbitration award for entry as *final judgment* in this case.

(Emphasis added.) Here, neither party requested a trial de novo, and the arbitrator's decision became a "final judgment" for purposes of RCW 4.84.330 when the award was confirmed by the trial court. *See Channel v. Mills*, 61 Wn. App. 295, 300, 810 P.2d 67 (1991).

Second, under Thurston County LMAR 3.2(b), the superior court had delegated to the arbitrator all authority over attorney fees, absent a trial de novo. The arbitrator

---

[7]But the arbitrator does not mention in his letter that attorney fees were owed under the contract.

[8]Moss cites two cases for the proposition that the superior court was required to award attorney fees to the prevailing party under the terms of the contract: *Singelton v Frost*, 108 Wn.2d 723, 742 P.2d 1224 (1987); and *Kofmehl v Steelman*, 80 Wn. App. 279, 908 P.2d 391 (1996), both of which involve superior court trials and neither of which involve mandatory arbitration.

here was mistaken in attempting to defer to superior court a contractual attorney fee award; the authority to award fees was his. His fee award, if any, should have been included in the judgment submitted to the court for confirmation; or, if there had been a trial de novo, the arbitration award, including its silence on the attorney fee issue, would have been replaced by the court's decision, including a possible award of fees under the contract.

The parties to a mandatory arbitration are entitled to confirm an arbitration award left unchallenged by a request for trial de novo within the 20-day period after filing and service of the award. It would defeat the purpose of mandatory arbitration and de novo trial procedures to allow substantial issues, such as $15,000 to $27,000 in attorney fees, to remain an open question after completion of the arbitration.

We deny Bongirno's request for attorney fees on appeal. Moss was the prevailing party below in the main action to enforce rights under the contract, and we would undermine that result by awarding fees to Bongirno on an appeal concerning a tangential issue. Each party shall bear its own fees on appeal.

We reverse.

ARMSTRONG, A.C.J., and MORGAN, J., concur.