[No. 27170-2-II. Division Two. August 23, 2002.]

MALTED MOUSSE, INC., *Respondent*, v. MICHAEL A. STEINMETZ, *Appellant*.

158

*Michael A. Steinmetz*, pro se.

*Martin Burns* (of *McFerran & Helsdon, P.S.*), for respondent.

QUINN-BRINTNALL, A.C.J. — Michael Steinmetz started to purchase espresso equipment and training from Malted Mousse, Inc. (MM). Steinmetz gave MM a $5,000 deposit, but stopped payment on his check. MM sued. The case went to arbitration and the arbitrator found for Steinmetz. Steinmetz timely requested attorney fees, but the arbitrator purported to declare the small claims attorney fee statute, RCW 4.84.250,[1] unconstitutional and denied Steinmetz's fee request.

Steinmetz timely appealed to Pierce County Superior Court for a trial de novo on the attorney fees issue only. The superior court, believing it lacked authority to hear only a portion of the arbitrator's award, denied the fees as well.

Steinmetz appealed. Because of the unique manifest procedural error in this case, we reverse and remand to the superior court with instructions that it remand to the arbitrator with directions to determine and award Steinmetz reasonable attorney fees.

## FACTS

Malted Mousse, Inc., and Steinmetz entered into an agreement in March 1999 wherein Steinmetz agreed to buy espresso equipment from MM. MM also agreed to provide training and assistance. Steinmetz paid a $5,000 down payment to MM. Steinmetz then believed that MM had

---

[1] Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there *shall* be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

RCW 4.84.250 (emphasis added).

misrepresented the equipment's condition and provided little or no training. He stopped payment on his $5,000 check.

On August 24, 1999, MM sued Steinmetz in Pierce County Superior Court. Pursuant to local rule,[2] the parties went to arbitration on May 31, 2000. On June 6, 2000, the arbitrator found for Steinmetz. The arbitrator filed the award on June 8, 2000.

As the prevailing party, Steinmetz requested his attorney fees. On June 19, 2000, the arbitrator denied Steinmetz's request for attorney fees "over and above [$125] statutory attorney's fees." Clerk's Papers at 28. The arbitrator explained the reason for his denial in a cover letter. The letter states that he denied the attorney fees because, in his opinion, the small claims statutes are unconstitutional "in that they deny litigants equal protection under the law contrary to Washington constitution and the U.S. constitution."[3] Clerk's Papers at 33.

On July 10, 2000, Steinmetz requested a trial de novo in Pierce County Superior Court, but only on the attorney fees issue. Steinmetz did not challenge the arbitration judgment.

On February 6, 2001, Steinmetz made a motion in Pierce County Superior Court for the court to confirm the arbitration award of June 6, vacate the amended arbitration award of June 19, and award him attorney fees. MM requested that the court deny the motion and sanction Steinmetz. The court held a show cause hearing on March 2, 2001, and denied all three of Steinmetz's requests and denied MM's request for sanctions.

---

[2] Pierce County Local Mandatory Arbitration Rule (PCLMAR) 1.1 provides for mandatory arbitration of civil actions when the amount in controversy is less than $35,000. Here, MM requested $6,340 as remedy.

[3] Presumably the arbitrator believed that the RCW 4.84.250 mandate of attorney fees to the prevailing party in a lawsuit in which the maximum amount pleaded does not exceed $10,000 violates the constitution because most other attorney fee statutes are discretionary with the court.

Steinmetz appeals, continuing to seek his attorney fees for the arbitration.

## ANALYSIS

### THE ARBITRATOR'S AWARD

■ This court does not review the merits of an arbitration award. *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992). Instead, appellate review is limited to a review of the statutory grounds for vacation, modification, or correction of the arbitration award. *Bongirno v. Moss*, 93 Wn. App. 654, 657-58, 969 P.2d 1118 (1999).

■ The primary goal of the mandatory arbitration statutes (chapter 7.06 RCW) and the Mandatory Arbitration Rules (MAR) is to "reduce congestion in the courts and *delays in hearing civil cases." Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815, 947 P.2d 721 (1997) (citation omitted). The arbitrator may award attorney fees as authorized by the arbitration rules, contract, or law. Pierce County Local Mandatory Arbitration Rule (PCLMAR) 3.2(c). Within 20 days of the arbitrator filing his award with the court, any aggrieved party may request a trial de novo in the superior court on all issues of law and fact. RCW 7.06.050. If no appeal has been filed within the 20 days, a judgment shall be entered and may be presented to the court by any party. RCW 7.06.050. That judgment is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60.[4] MAR 6.3.

---

4

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) For erroneous proceedings against a minor or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;

Steinmetz argues that he was the prevailing party in the arbitration and that under RCW 4.84.250, he is entitled to his attorney fees. He further argues that the arbitrator's basis for denying attorney fees is "an error on the face of the award" and this court (and the trial court) may correct such error. We agree with both arguments.

■ The arbitrator's decision is the order and the cover letter accompanying it. The cover letter was clearly intended to set forth the basis for the arbitrator's fee decision. Hence, we consider the order and letter together.

■ In *Smukalla v. Barth*, 73 Wn. App. 240, 246, 868 P.2d 888 (1994), this court concluded that the arbitrator sometimes acts as the fact-finding judge and if he/she has awarded attorney fees, the only available challenge to his determination is either a claim of "manifest procedural error" or a trial de novo. "An aggrieved party could also challenge the arbitrator's award before the superior court by claiming a manifest procedural error, but could not otherwise avoid the arbitrator's award without pursuing a

---

(3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(5) The judgment is void;

(6) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(7) If the defendant was served by publication, relief may be granted as prescribed in RCW 4.28.200;

(8) Death of one of the parties before the judgment in the action;

(9) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

(10) Error in judgment shown by a minor, within 12 months after arriving at full age; or

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken. If the party entitled to relief is a minor or a person of unsound mind, the motion shall be made within 1 year after the disability ceases. A motion under this section (b) does not affect the finality of the judgment or suspend its operation.

CR 60(b).

trial de novo." *Smukalla*, 73 Wn. App. at 246 (holding that the defendant's request to superior court for attorney fees was too late and in the wrong forum). Likewise, in *Bongirno*, this court stated, "[W]hen the arbitrator declined to award attorney fees, Moss's remedy in superior court was either to claim a 'manifest procedural error' by the arbitrator or to seek a trial de novo." 93 Wn. App. at 661.

MM argues that the trial court properly denied Steinmetz's request for attorney fees because, though timely, his motion for trial de novo was ineffective because it sought review of only part of the arbitrator's award. We read Steinmetz's request more broadly.

 Here, the arbitrator sua sponte declared applicable law awarding attorney fees in excess of the statutory attorney fees unconstitutional. Thus, the *Smukalla* reasoning applies: as an aggrieved party, Steinmetz may challenge the arbitrator's award in superior court if he demonstrates a manifest procedural error. We hold that an arbitrator who sua sponte declares a mandatory attorney fee statute unconstitutional creates that manifest procedural error.

The act of declaring a statutory scheme unconstitutional is beyond the scope of an arbitrator's authority and a manifest procedural error. Arbitrators are presumed to follow the law. *See* MAR 3.2(7)-(8) (arbitrator has authority to determine the facts, decide the law, make an award, and perform other acts authorized by state or local jurisdictions); *Tombs v. N.W. Airlines*, 83 Wn.2d 157, 161, 516 P.2d 1028 (1973) (while arbitrators are not required to follow strict and technical rules of law, "they still must proceed with due regard to the rights of the parties"); PCLMAR 1.1 (while the arbitrator has considerable discretion, arbitration rules should be consistent with the purpose of the arbitration statutes and rules). They may not, on their own motion, declare a law unconstitutional.

> [The role of the courts] is to analyze the Legislature's enactments against the overarching principles of the constitution, and resolve the dispute brought to us . . . . It decidedly is not our function to express disrespect for coordinate constitutional

branches of government by lightly tossing away their decisions with arrogant judicial fiat . . . .

*Island County v. State*, 135 Wn.2d 141, 174, 955 P.2d 377 (1998) (Talmadge, J., concurring specially). In *San Martine Compania de Navegacion, S.A. v. Saguenay Terminals, Ltd.*, 293 F.2d 796 (9th Cir. 1961), the Ninth Circuit noted:

> We think this is the sort of thing the Court had in mind in *United Steelworkers of America v. Enterprise Corp.*, 363 U.S. 593, 597, 180 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 [(1960)], when it said "Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. *When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.*"
>
> . . . .
>
> While that case involved arbitration of a labor dispute . . . it would appear that the language here quoted would be considered generally applicable to any arbitration.

293 F.2d at 801 & n.5.

MM argues that Steinmetz's sole remedy is a trial de novo on all matters before the arbitrator. We disagree.

MM relies on *Trusley v. Statler*, 69 Wn. App. 462, 849 P.2d 1234 (1993), for support. In *Trusley*, the court stated, "Both parties, by not asking for a trial de novo, accepted the arbitrator's award and may not alter it by requesting action by the Superior Court which would amend that award." 69 Wn. App. at 465. *Smukalla* elaborated and noted that, "The *Trusley* court's reasoning applies to Barth's motion for attorney fees, as well." *Smukalla*, 73 Wn. App. at 245. MM would have this court view Steinmetz's appeal as an attempt to amend the arbitrator's award. But we see the arbitrator's refusal to follow the law governing attorney fees as clear error on the face of the document, not a request to amend the amount of attorney fees. Thus, *Trusley* is inapposite.

Here, the arbitrator's procedural error was clearly manifest on the face of the document, and Steinmetz's appeal to the superior court was more in the manner of an extraordinary writ. *See State ex rel. N.Y. Cas. Co. v. Superior Court*, 31 Wn.2d 834, 838, 199 P.2d 581 (1948) (a writ will issue when there is no adequate remedy by appeal and where the prohibited authority is acting without or in excess of its jurisdiction). Under article IV, section 6 (amendment 87) of the Washington Constitution, a superior court possesses the power to review such arbitrary decisions by issuing constitutional writs of certiorari. *See, e.g., Klickitat County v. Beck*, 104 Wn. App. 453, 458, 16 P.3d 692 (citing *Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 845, 991 P.2d 1161 (2000)), *review denied*, 143 Wn.2d 1024 (2001).

Moreover, the arbitrator's refusal to follow the applicable attorney fee statute deprived Steinmetz of any adequate remedy other than an appeal to the superior court on the sole issue of the denial of attorney fees. His appeal was timely filed and adequately notified MM of its grounds and scope. We hold that where the arbitrator sua sponte declares a statute unconstitutional, the trial court has authority to review that portion of the arbitrator's award via extraordinary writ. The trial court should have treated Steinmetz's request for a trial de novo as an extraordinary writ challenging the arbitrator's refusal to follow the law, and we do so now.[5]

Because the arbitrator committed a manifest procedural error by sua sponte declaring the small claims attorney fees statute unconstitutional, we reverse and remand to the superior court with directions that it remand to the arbitrator to apply RCW 4.84.250 and review Steinmetz's

---

[5] *See* RAP 5.1(c) (incorrectly designated notice will be given same effect as if it were correctly identified); *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 883, 652 P.2d 948 (1982) (where trial court committed obvious error in designating notice, appellate court will treat as discretionary review to address merits of issue); *In re Pers. Restraint of Rolston*, 46 Wn. App. 622, 623, 732 P.2d 166 (1987) (appellate court disregarded defect in filing of sentencing case and treated as personal restraint petition).

attorney's cost bill and fee documents to determine the reasonable attorney fees due Steinmetz under the law.[6] But because the appeal was neither frivolous (as argued by MM) nor the attorney fees request sufficiently briefed (by Steinmetz), we do not award attorney fees to either party for this appeal.

Reverse and remand.

SEINFELD and BRIDGEWATER, JJ., concur.

Review granted at 149 Wn.2d 1001 (2003).

"[E]ven in the very rare instances when an arbitrator's procedural aberrations rise to the level of affirmative misconduct, as a rule the court must not foreclose further proceedings by settling the merits according to its own judgment of the appropriate result." That step . . . "would improperly substitute a judicial determination for the arbitrator's decision that the parties bargained for" in their agreement. Instead, the court should "simply vacate the award, thus leaving open the possibility of further proceedings if they are permitted under the terms of the agreement."

*Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 510, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001) (citations omitted) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n.10, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987)). The same reasoning is applicable here.