174 P.3d 151 (2007)
Dolores MARQUEZ and Ben Marquez, and the marital community comprised thereof, Appellant,
v.
CASCADE RESIDENTIAL DESIGN, INC., a Washington Corporation, Respondent.
No. 35796-8-II.
Court of Appeals of Washington, Division 2.
December 18, 2007.
*152 Carol J. Cooper, Davies Pearson PC, Peter Thomas Petrich, Attorney at Law, Tacoma, WA, for Appellant.
Valarie Standefer Zeeck, Gordon Thomas Honeywell, Tacoma, WA, for Respondent.

PUBLISHED OPINION
HUNT, J.
¶ 1 Dolores Marquez appeals the trial court's denial of her request to include a set attorney fee award amount in her judgment against Cascade Residential Design, based on an arbitrator's award. She argues that (1) the Pierce County Local Mandatory Arbitration Rule (PCLMAR) 6.1(c)(1) seven-day deadline for requesting attorney fees does not apply to a request for the arbitrator to set the amount of fees awarded, (2) the arbitrator erred by finding he lacked jurisdiction to determine the amount of attorney fees when she did not file her request for a specific amount within seven days of the arbitrator's award, and (3) the trial court erred by entering judgment on the arbitration award without attorney fees. Holding that PCLMAR 6.1(c)(1) requires the prevailing party to request a specific attorney fee amount within seven days of the arbitrator's award, we affirm.

FACTS
¶ 2 When Dolores Marquez sued her employer, Cascade Residential Design, alleging breach of employment contract and statutory wage violations, the trial court submitted her claim to mandatory arbitration. The arbitrator found in favor of Marquez: He awarded Marquez $10,318.20 damages, decided that she was entitled to reasonable attorney fees under RCW 49.48.030 and RCW 49.52.070, served the arbitration award on the parties, and filed it with the trial court on September 1, 2006.
¶ 3 The arbitrator's award did not specify the amount of attorney fees to which Marquez was entitled. Marquez did not submit a specific attorney fee amount request to the arbitrator either before or after he filed and served his award.
¶ 4 More than a month after the arbitrator's award, on October 5, Marquez moved the trial court to determine the amount of attorney fees she should receive. Cascade opposed the motion as untimely. The trial court remanded to the arbitrator to determine the amount of attorney fees.
¶ 5 The arbitrator denied Marquez's request to set the amount of attorney fees because (1) Marquez had failed to file her motion within seven days after he filed his award on September 1, as required by Pierce County Local Mandatory Arbitration Rule (PCLMAR) 6.3(c)(1); and (2) therefore, he lacked jurisdiction under PCLMAR 6.1(c)(1) to set the amount of her attorney fee award after the seven-day period expired.
¶ 6 The trial court then entered judgment on the arbitrator's award without an attorney fee award. Marquez appeals the trial court's refusal to include an attorney fee award amount in her judgment against Cascade.

ANALYSIS
¶ 7 Marquez contends that she is entitled to receive attorney fees in accordance with the arbitrator's original award and that either the arbitrator or the trial court should have established the amount. She argues that (1) the PCLMAR 6.1(c)(1) seven-day deadline for requesting an award of attorney fees does not apply to setting the amount, (2) the arbitrator erred in finding he lacked jurisdiction to determine the amount of attorney fees after expiration of the seven-day period, and (3) the trial court erred by entering judgment on the arbitration award without including her attorney fee award. We address each argument in turn.

*153 I. Interpretation of PCLMAR 6.1(c)

A. Standard of Review
¶ 8 We interpret mandatory arbitration rules in the same manner that we construe legislatively drafted statutes  consistent with their purposes. Malted Mousse, Inc. v. Steinmetz, 150 Wash.2d 518, 525, 79 P.3d 1154 (2003) (quoting Wiley v. Rehak, 143 Wash.2d 339, 343, 20 P.3d 404 (2001)). Because interpretation of statutes and court rules are questions of law, our review is de novo. Nevers v. Fireside, Inc., 133 Wash.2d 804, 809, 947 P.2d 721 (1997) (citing Westberg v. All-Purpose Structures, Inc., 86 Wash. App. 405, 409, 936 P.2d 1175 (1997)).
¶ 9 Washington courts interpret the mandatory arbitration rules strictly to effectuate their purpose of reducing court congestion. Malted Mousse, 150 Wash.2d at 529, 79 P.3d 1154.

B. Statutory Interpretation
¶ 10 Marquez's argument hinges on interpretation of PCLMAR 6.1(c) and whether it applies to a request to set the amount of attorney fees after an arbitrator has decided generally to award fees. Marquez contends that the PCLMAR 6.1(c) seven-day timeline for requesting an attorney fee award does not apply to a request to set the amount of fees once the arbitrator has declared a general fee award to a party. Cascade counters that the local rule's seven-day timeline applies to the entire fee award, including setting the amount. We agree with Cascade.

1. Plain meaning
¶ 11 Where statutory or court rule language is plain and unambiguous, courts derive the statute's or rule's meaning from the wording of the statute or rule itself. See Rozner v. City of Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991); Malted Mousse, 150 Wash.2d at 525, 79 P.3d 1154. A statute or rule that is clear on its face is not subject to judicial interpretation. See In re Marriage Kovacs, 121 Wash.2d 795, 804, 854 P.2d 629 (1993); Malted Mousse, 150 Wash.2d at 525, 79 P.3d 1154.
¶ 12 The Superior Court Mandatory Rules allow local superior court rules to delegate to arbitrators the authority to award attorney fees. MAR 3.2(8). The Pierce County Local Mandatory Arbitration Rules delegate discretion to the arbitrator to award fees. PCLMAR 6.1(c) specifically provides:
Any motion for actual attorney fees . . . must be presented to the arbitrator, as follows:
(1) Any motion for an award of attorney fees must be submitted to the arbitrator and served on opposing counsel within seven calendar days of receipt of the award. There shall be no extension of this time, unless the moving party makes a request for an extension before the seven day period has expired.
. . . .
(3) The arbitrator shall render a decision on the motion, in writing, within 14 days after the motion is made.
. . . .
(5) It is within the arbitrator's discretion whether to hold a hearing on the issue of fees.
PCLMAR 6.1(c)(1)-(5) (emphasis added).
¶ 13 In our view, the plain language of the opening phrase of the rule, namely inclusion of the word "actual," applies the seven-day deadline to a motion to set the amount of attorney fees after the arbitrator has included a general award of attorney fees in its award to the prevailing party. An ordinary definition of "actual" is "something actually received or in hand . . . as distinct from estimated or expected." Webster's New International Dictionary 22 (3d ed.1968) (emphasis added). Thus, we hold that the local rule's use of the phrase "actual attorney's fees" requires a party to whom the arbitrator has awarded general, but as yet unspecified, attorney fees to move the arbitrator to determine the actual amount of attorney fees and that the requesting party must file this motion to set an attorney fee amount within seven days of receiving the arbitrator's general award. PCLMAR 6.1(c)(1).
¶ 14 Subsections (3) and (5) of this same local court rule are consistent with the plain meaning of the rule's preface. Subsection (3) *154 requires the arbitrator to file his decision within 14 days of a motion to set actual attorney fees. PCLMAR 6.1(c)(3). And subsection (5) further authorizes the arbitrator to hold a hearing to determine the amount of attorney fees if there is a dispute. PCLMAR 6.1(c)(5). Thus, read together, subsections (1), (3), and (5) of PCLMAR 6.1(c) require a prevailing party to file a motion with the arbitrator to exercise his authority to determine the amount of awarded fees within seven days of receiving the arbitrator's award.[1]

2. Purpose
¶ 15 We further note that our reading of the plain language of PCLMAR 6.1(c) comports with the purpose of mandatory arbitration: As our Supreme Court has definitively held, "[R]equiring strict compliance with the filing requirements set forth in the [mandatory arbitration] rule better effectuates the Legislature's intent" to reduce congestion in courts and delays in hearing civil cases. Nevers, 133 Wash.2d at 815, 947 P.2d 721 (quoting Perkins Coie v. Williams, 84 Wash. App. 733, 737, 929 P.2d 1215, review denied, 132 Wash.2d 1013, 940 P.2d 654 (1997)). By delegating authority to the arbitrator to grant and to determine attorney fees, PCLMAR 6.1(c) effectuates Nevers' articulated purpose of the mandatory arbitration rules.

3. Wrong forum
¶ 16 Here, however, not only did Marquez fail to request the setting of her attorney fee award amount within seven days of receiving the arbitrator's award, but also she filed her request in the wrong forum. Where the local rules delegate such power, the prevailing party must request attorney fees from the arbitrator, not from the trial court. 15A Karl B. Tegland & Douglas J. Ende, Washington Handbook on Civil Procedure § 79.2 at 584 (2007). PCLMAR 6.1(c) clearly directs a prevailing party to request "actual" attorney fees from the arbitrator within the prescribed seven-day period.
¶ 17 But Marquez never submitted any request to the arbitrator to set the amount of her attorney fee award. Instead, she filed a motion to set the amount of attorney fees with the trial court, and she did so more than a month after the arbitrator filed his award. Thus, in addition to failing to comply with the time-for-filing requirement of PCLMAR 6.1(c), she failed to file her motion in the proper forum. This failure provides an independent ground for affirming the trial court. See Trusley v. Statler, 69 Wash.App. 462, 464, 849 P.2d 1234 (1993) (overruling trial court's award of attorney fees to a prevailing party after a successful arbitration hearing, holding that the trial court had no authority to grant fees because the local rules delegated that power to the arbitrator alone).[2]
*155 ¶ 18 In light of our holding that Marquez failed to comply with both PCLMAR 6.1(c) time-for-filing and forum requirements, we do not address her additional argument that the arbitrator erred in finding he lacked jurisdiction to determine the amount of her attorney fees when the trial court remanded her attorney-fee-setting request to him.[3]

II. Request for Trial De Novo
¶ 19 Marquez argues that the trial court erred by modifying the arbitration award in part by omitting attorney fees altogether from its judgment based on the award. Cascade counters that the trial court's judgment was proper because Marquez's sole remedy to correct such an alleged error was a timely request of de novo review of the entire arbitration award under PCLMAR 7.1(b), which Marquez also failed to file. Again, we agree with Cascade.
¶ 20 Under PCLMAR 7.1(b), an aggrieved party may appeal an arbitrator's decision and request a trial de novo of mandatory arbitration, including the amount of fees awarded, but it must file such a request within 20 days of the arbitrator's award. See also MAR 7.1(a). In Malted Mousse, 150 Wash.2d 518, 79 P.3d 1154, our Supreme Court held (1) a party cannot partially appeal a decision under mandatory arbitration, including issues related to attorney fees, Id. at 528-29, 79 P.3d 1154; (2) a request for a trial de novo is the exclusive method for appealing an arbitration award, Id. at 532, 79 P.3d 1154; and (3) failing to file such a request within 20 days precludes review of the arbitration award. Id. at 529, 79 P.3d 1154 (citing Wiley, 143 Wash.2d at 347, 20 P.3d 404, and Roberts v. Johnson, 137 Wash.2d 84, 90-92, 969 P.2d 446 (1999)).
¶ 21 But Marquez never filed a request for trial de novo. She filed only a request for the trial court to set the amount of attorney's fees awarded by the arbitrator; moreover, she filed this request more than one month after the arbitrator filed his award and served the parties, well after the 20-day period for appeal and trial de novo under PCLMAR 7.1(b) had lapsed. Accordingly, Marquez cannot now dispute the trial court's failure to set a specific attorney fee amount and to include such award in its judgment.[4]
¶ 22 Marquez further argues that the trial court improperly "amended" the arbitrator's award when it entered judgment without an attorney fee award. This argument also fails. Our Supreme Court has expressly held that a trial court cannot alter a mandatory arbitration award by granting attorney fees.[5]Malted Mousse, 150 Wash.2d at 528-29, 79 P.3d 1154. We hold, therefore, that the trial court did not err in omitting the arbitrator's non-specified attorney fee award from its decision.

IV. Attorney Fees On Appeal
¶ 23 Marquez requests attorney fees if she is the prevailing party. But she is not the prevailing party.
¶ 24 Cascade also asks for attorney fees on the grounds that Marquez's appeal is "frivolous."[6] We disagree with Cascade that her appeal is frivolous.
*156 ¶ 25 Accordingly, we deny both parties' requests for attorney fees on appeal.
¶ 26 Affirmed.
We concur: BRIDGEWATER, P.J., and QUINN-BRINTNALL, J.
NOTES
[1] In addition, we note the Washington Practice Handbook on Civil Procedure recommends that

the arbitrator . . . informally announce the decision [to consider awarding attorney's fees], direct the prevailing party to submit documentation in support of its request, schedule a telephone conference hearing at which objections to the request can be resolved, and issue the original award including any award of attorney's fees.
15A Karl B. Tegland & Douglas J. Ende, Washington Handbook on Civil Procedure § 79.2 at 584 (2006). Such recommended procedure would require the prevailing party to submit a specific fee-award request before the arbitrator announces his award, even sooner than the local rule's seven-day period following the award.
The clerk's papers in Marquez's case do not indicate what procedure, if any, the arbitrator had in place or anticipated when he awarded her attorney fees in general. Nor does the record include information about the arbitrator's usual practice for awarding generalized attorney fees without including an amount. Nevertheless, we find no written document in the record requesting the arbitrator to set a specific amount of attorney fees for Marquez.
[2] Marquez's assertion that Trusley and our decision in Smukalla v. Barth, 73 Wash.App. 240, 868 P.2d 888 (1994) are distinguishable from her claim is correct, to an extent. Id. at 240, 868 P.2d 888, overruled on separate grounds by Malted Mousse, 150 Wash.2d 518, 79 P.3d 1154. But this distinction does not entitle Marquez to an untimely setting of attorney fees here because she failed to comply with both the time and forum requirements of PCLMAR 6.1(c) for setting such fees. Smukalla and Trusley held that only the arbitrator has the authority to grant attorney fees in mandatory arbitration; here, the arbitrator awarded attorney fees generally to Marquez, but did not determine the amount. Nor did Marquez ever timely ask the arbitrator to set the amount or to expand the seven-day period within which to file such a motion under PCLMAR 6.1(c)(1).
[3] See Smukalla, 73 Wash.App. at 244, 868 P.2d 888, overruled on separate grounds by Malted Mousse, 150 Wash.2d 518, 79 P.3d 1154, (litigant requested attorney fees from superior court four months after arbitrator denied them; we held the litigant did "not comply with the applicable local rules and [was] not entitled to attorney's fees," emphasizing that "Pierce County's local rules provide detailed procedures governing motions for and awards of attorney fees in mandatory arbitration," and failure to follow the procedures precluded a fee request).
[4] See Trusley, 69 Wash.App. at 464-65, 849 P.2d 1234 (where neither party requested a trial de novo, the trial court could not award attorney fees because the prevailing party failed to "ask the arbitrator to exercise his delegated authority and award attorney fees"). Extrapolating from Trusley, similarly, the trial court here could not set an attorney fee award because Marquez had failed to ask the arbitrator to do so.
[5] Thus, even if the trial court had determined the amount of Marquez's attorney fees, such award would have been improper.
[6] Washington courts hold an appeal is "frivolous" if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there was no reasonable possibility of reversal. RAP 18.9(a); See Fay v. Nw. Airlines, Inc., 115 Wash.2d 194, 200-01, 796 P.2d 412 (1990).