[No. 73120-9. En Banc.]
Argued September 9, 2003. Decided November 13, 2003.

MALTED MOUSSE, INC., *Petitioner*, v. MICHAEL A. STEINMETZ, *Respondent*.

520

*Martin Burns* (of *Law Offices of McFerran & Helsdon, P.S.*), for petitioner.

*Michael A. Steinmetz*, pro se.

[As amended by order of the Supreme Court March 11, 2004.]

SANDERS, J. — This case requires us to address whether the trial de novo appeal process from mandatory arbitration under chapter 7.06 RCW sufficiently protects the rights of small claimants who are aggrieved by an arbitrator's erroneous act. We hold it does and that trial de novo is the sole method to seek judicial review from mandatory arbitration. Accordingly, we reverse the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

These facts are essentially undisputed. Petitioner Malted Mousse, Inc. (Malted Mousse) agreed in March 1999 to sell espresso equipment to Respondent Michael Steinmetz and provide training for its use. Steinmetz made a $5,000 down payment by check, but later stopped payment. He asserted the stop-payment order was justified, claiming Malted Mousse had misrepresented the "condition, content and quality of the equipment" and had failed to provide training and assistance as called for by the contract. Clerk's Papers (CP) at 17. Malted Mousse then brought suit in Pierce County Superior Court, seeking damages under $10,000.[1] The trial court transferred the case to arbitration pursuant to Washington's mandatory arbitration statute, chapter 7.06 RCW. The arbitrator, Duane E. Erickson, heard the case on May 31, 2000, and after deciding the case in Steinmetz's favor, filed a judgment on June 8, 2000.

At this point, the events which lead to our review unfold. Steinmetz moved on June 12, 2000 for attorney fees under

---

[1] The lawsuit claimed wrongful dishonor of a check. *See* RCW 62A.3-515.

RCW 4.84.250,[2] which the arbitrator denied in an "Arbitration Award Amended" filed with the trial court on June 19, 2000. CP at 32. The arbitrator did not explain his reasons for denying the award in the Arbitration Award Amended. The arbitrator did, however, send a cover letter to the parties explaining that although he agreed that Steinmetz had complied with RCW 4.84.250, he denied Steinmetz's request for fees "based upon [his] opinion that the so called small claims statute, [RCW] 4.84.250 et. seq., are [sic] unconstitutional in that they deny litigants equal protection under the law contrary to [sic] Washington constitution and the U.S. constitution."[3] CP at 33.

On July 10, 2000, Steinmetz filed a "Request for Trial de Novo/Review of Award of Attorney Fees Only," along with proof of service thereof, seeking judicial review of only the arbitrator's denial of attorney fees. CP at 26-27. He specifically excluded the merits of the case from his request. However, Steinmetz never noted the case for trial, and the case remained stagnant for seven months.

In February 2001 Steinmetz filed a motion in superior court "for 1) an order confirming arbitration award in this matter dated June 6, 2000 pursuant to RCW 7.04.150; 2) an order vacating amended arbitration award dated June 19, 2000; [and] 3) an order awarding defendant his reasonable attorney fees and costs herein pursuant to RCW 7.04.160(4)

---

[2] RCW 4.84.250 provides:

Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

[3] The arbitrator, believing RCW 4.84.250 to be unconstitutional, reasoned: "If all litigation provided that the losers pay the winners [sic] attorneys [sic] fees it would be equal and constitutional. To impose a penalty of losing on only claims under $10,000 denies those litigants the rights to justice that the larger claimants have to justice." CP at 33. However, he cited no authority, judicial or otherwise, to support this legal conclusion. Though we reverse the Court of Appeals, this opinion should not be read to support an argument that RCW 4.84.250 is unconstitutional.

and CR 60(b)(1), (5), and (11)." CP at 54. The trial court denied the motion on March 2, 2001.

Acting pro se,[4] Steinmetz appealed, assigning error to the trial court for (1) failing to grant his motion to vacate the arbitration award and (2) "failing to address the unconstitutional issue under which the arbitrator denied attorney fees regarding [RCW] 4.84.250." Br. of Pet'r at 1. The Court of Appeals, Division Two, reversed and held: (1) the arbitrator's sua sponte declaration that RCW 4.84.250 is unconstitutional was a manifest procedural error and (2) the trial court should have treated Steinmetz's July 10, 2000 trial de novo request as an "extraordinary writ challenging the arbitrator's refusal to follow the law." *Malted Mousse, Inc. v. Steinmetz*, 113 Wn. App. 157, 165, 52 P.3d 555 (2002). We granted Malted Mousse's petition for review. 149 Wn.2d 1001 (2003).

## ISSUES

I. Whether the Court of Appeals erred in treating Steinmetz's "Request for a Partial Trial de Novo" (on attorney fees only) on a mandatory arbitration proceeding under chapter 7.06 RCW as a petition for an article IV, section 6 constitutional writ of certiorari challenging an arbitrator's sua sponte holding that RCW 4.84.250 is unconstitutional.

II. And, if so, whether we should award Malted Mousse attorney fees pursuant to RAP 18.9(a) because of Steinmetz's alleged frivolous appeal.

## STANDARD OF REVIEW

Even if the precise question we must answer is not perfectly articulated by the parties, we have a "duty to

---

[4] Mr. Steinmetz appears pro se before us, as he did before the Court of Appeals. However, he was represented by counsel during all relevant proceedings before the trial court. His attorney withdrew from representation in a March 28, 2001 notice; he filed the notice of withdrawal with the Pierce County Superior Court on April 2, 2001, one day before Steinmetz filed his notice of appeal with Division Two. *See* CP at 75, 78.

determine the extent of appellate review." *Barnett v. Hicks*, 119 Wn.2d 151, 154, 829 P.2d 1087 (1992). We interpret the mandatory arbitration rules as though they were drafted by the legislature, and we construe these rules consistently with their purpose. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). Our review of the application of a court rule or law to the facts is de novo. *Id.*

## ANALYSIS

I. Constitutional Writs of Certiorari Are Not Available for Parties Aggrieved in Mandatory Arbitration.

As this case comes to us on appeal from a denial of a motion to confirm part and vacate part of an arbitration award from mandatory arbitration, we must determine whether such action was appropriate in the first place. The decision below and other decisions from Division Two of the Court of Appeals have intertwined the standards by which a superior court (and ultimately an appellate court) reviews an arbitrator's decision under Washington's arbitration act, chapter 7.04 RCW, and under the mandatory arbitration statute, chapter 7.06 RCW.[5] A proper analysis of how each procedure occurs is necessary to illustrate where Division Two's analysis went awry.

A. Mandatory arbitration differs from private arbitration, and the appellate procedures should not be confused.

Chapter 7.06 RCW provides the statutory authorization for superior courts to require arbitration for small claims. Claims in Pierce County which involve an amount in controversy $35,000 or less are subject to mandatory arbitration. RCW 7.06.020(1); Pierce County Local Mandatory Arbitration Rule 1.2. The superior court mandatory arbitration rules (MAR) governing arbitration proceedings un-

---

[5] *See, e.g., Malted Mousse*, 113 Wn. App. 157; *Bongirno v. Moss*, 93 Wn. App. 654, 969 P.2d 1118 (1999); *Smukalla v. Barth*, 73 Wn. App. 240, 868 P.2d 888 (1994).

der chapter 7.06 RCW are inapplicable to private arbitration unless the parties stipulate otherwise. MAR 1.1. We have noted that the "primary goal of the statutes providing for mandatory arbitration (RCW 7.06) and the Mandatory Arbitration Rules that are designed to implement that chapter is to 'reduce congestion in the courts and *delays in hearing civil cases.*' " *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815, 947 P.2d 721 (1997) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997)).

Conversely, private arbitration is governed by Washington's arbitration act, chapter 7.04 RCW. That statute makes agreements to arbitrate existing or future disputes "valid, enforceable and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement." RCW 7.04.010. The arbitration act "provides a means by which disputants may dispose of controversies other than by an action in court." *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wn.2d 126, 131, 426 P.2d 828 (1967). This form of arbitration depends on contractual agreement rather than the amount in controversy. *Id.* at 132; *see also Balfour, Guthrie & Co. v. Commercial Metals Co.*, 93 Wn.2d 199, 202, 607 P.2d 856 (1980) ("arbitration stems from a contractual, consensual relationship").

While both acts deal with a form of alternative dispute resolution, they differ with respect to how a party appeals when dissatisfied with the arbitral decision.

### 1. *Appealing an adverse decision under private arbitration*

Parties in private arbitration generally waive their right to a jury. *See Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 898, 16 P.3d 617 (2001). A party dissatisfied with the arbitrator's decision may move the superior court to vacate, modify, or correct the award. RCW 7.04.150, .160, .170. A vacation, modification, or correction of an award requires a motion to the court by a party to the arbitration proceeding who can demonstrate one of the statutorily defined circum-

stances warranting the vacation, modification, or correction. When reviewing an arbitrator's decision, the court's review is limited to the grounds provided for in RCW 7.04.160-.170. *See Barnett*, 119 Wn.2d at 156. In *Boyd v. Davis*, 127 Wn.2d 256, 897 P.2d 1239 (1995), we recognized that every case addressing a court's ability to reverse an arbitrator's error in law was based on a statute repealed by the current arbitration act, and that a reviewing court is limited to the statutory grounds. *Boyd*, 127 Wn.2d at 267-68. This case, however, deals with mandatory arbitration with an appellate process discussed next.

2. *Appealing an adverse decision under mandatory arbitration*

A party aggrieved by an arbitrator's decision in mandatory arbitration "may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on *all issues of law and fact.*" RCW 7.06.050(1) (emphasis added).[6] A party who fails to improve his or her position at the trial de novo must pay the other side's costs and reasonable attorney fees. MAR 7.3.[7]

---

[6] RCW 7.06.050, at the time relevant to this case, provided:

Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

Former RCW 7.06.050 (1982), *amended by* LAWS OF 2002, ch. 339, § 1. The 2002 amendments to RCW 7.06.050 address the standard for determining whether a party's relative position has improved or not at the trial de novo for the purpose of determining statutory attorney fees. *See* RCW 7.06.050(1)(a)-(c). As there never was a trial de novo in this case, our decision is not affected by nor will it affect subsections (a)-(c) of the new RCW 7.06.050(1).

[7] The legislature amended RCW 7.06.060 so that costs and reasonable attorney fees are now statutorily mandated in the event a party requests a trial de novo and fails to improve his or her position. LAWS OF 2002, ch. 339, § 2. It appears as though the new RCW 7.06.060 replaces MAR 7.3, but for purposes of this case MAR 7.3 still governs. *See* RCW 7.06.080 (noting the amendments to RCW

Once a party requests a trial de novo, though, the clerk must seal the arbitration award. MAR 7.1(a). The trial de novo is then "conducted *as though no arbitration proceeding had occurred.*" MAR 7.2(b)(1) (emphasis added). No pleading, brief, or statement (written or oral) during the trial de novo may refer to the arbitration proceeding. *Id.* The right to a jury trial is maintained, RCW 7.06.070 (contrary to private arbitration), and if it is so exercised, the jury cannot be informed that an arbitration proceeding occurred prior to the trial. MAR 7.2(b)(1). Subject to the rules of evidence, testimony from the arbitration proceeding may be admissible so long as there is no indication that the testimony came from the arbitration proceeding. MAR 7.2(b)(2). The relief sought by the parties at the trial de novo is unrestricted by prior arbitration proceedings, chapter 7.06 RCW, local arbitration rule, or any other stipulation that was made for the purposes of the arbitral proceeding. MAR 7.2(c). Furthermore, the arbitrator may not testify at the trial de novo. MAR 7.2(d).

■ We believe the trial de novo process is exactly what the rule says it is: a trial that is conducted as if the parties had never proceeded to arbitration. The entire case begins anew. The arbitral proceeding becomes a nullity, and it is relevant *solely* for purposes of determining whether a party has failed to improve his or her position, in which case attorney fees are mandated. Thus, unlike reviewing an arbitration award under chapter 7.04 RCW, a court should not defer, consider, or analyze an arbitration award at all when conducting a trial de novo under chapter 7.06 RCW.

■ ■ The distinction between chapter 7.04 RCW and chapter 7.06 RCW illustrates the error of Steinmetz's motion to the trial court, in which he sought "1) an order confirming [the] arbitration award in this matter dated June 6, 2000 *pursuant to RCW 7.04.150*; [and] 2) an order *vacating* [the] amended arbitration award dated June 19, 2000." CP at 54 (emphasis added). The act of *confirming* and *vacating* an arbitration award "pursuant to RCW

7.06.050 and 7.06.060 apply only to those requests for a trial de novo filed on or after June 13, 2002).

7.04.150" does not apply to mandatory arbitrations such as the one here; such a motion is applicable *only* to arbitration awards from chapter 7.04 RCW arbitrations. We hold the sole way to appeal an erroneous ruling from mandatory arbitration is the trial de novo.

This result is consistent with our cases addressing mandatory arbitration. In *Nevers*, 133 Wn.2d 804, we held that a party's failure to timely file proof of service of its request for a trial de novo was fatal to the request, thereby mandating denial of the trial de novo. *Id.* at 811. We reasoned that strict compliance with the requirements of MAR 7.1(a) better effectuated the legislative intent of chapter 7.06 RCW, which was to reduce congestion in the courts and delays in civil cases. *Id.* at 815.

In *Roberts v. Johnson*, 137 Wn.2d 84, 969 P.2d 446 (1999), we examined whether the failure of an arbitrator to file proof of service of a mandatory arbitration award tolls the 20-day period for filing a request for a trial de novo. We followed the reasoning from *Nevers* and held that the 20-day time limit in MAR 7.1(a) did not begin to run until the arbitrator had both filed the award with the court and served it on each party. *Roberts*, 137 Wn.2d at 90-92.

Recently, in *Wiley v. Rehak*, 143 Wn.2d 339, 20 P.3d 404 (2001), we held that an aggrieved party who was left off of the trial de novo request due to a scrivener's error could not amend the request after the 20-day limit had expired. Following *Roberts* and *Nevers*, we reasoned that the unambiguous language in MAR 7.1(a) did not allow for amended requests, and the aggrieved party's failure to timely make a MAR 7.1(a) request precluded him from seeking a trial de novo. *Wiley*, 143 Wn.2d at 347.

■ The proper approach to piecemeal review from mandatory arbitration comes from Division One of the Court of Appeals. *See Perkins Coie v. Williams*, 84 Wn. App. 733, 929 P.2d 1215, *review denied*, 132 Wn.2d 1013 (1997). There, the law firm of Perkins Coie, seeking payment for legal services, prevailed against one of three defendants in mandatory arbitration. *Id.* at 735. Unsatisfied, Perkins Coie then successfully convinced the trial court to allow trials de novo

only on the two defendants against whom it was unsuccessful at arbitration. Division One reversed the trial court and held the clear language of RCW 7.06.050 allowing review of all issues of law and fact set the "minimum scope of issues" available to a trial court. *Id*. at 736. This view is in harmony with the plain language of RCW 7.06.050 and MAR 7.1-7.2. *Accord Trusley v. Statler*, 69 Wn. App. 462, 465, 849 P.2d 1234 (1993) (parties who fail to request a trial de novo "may not alter [an arbitration award] by requesting action by the Superior Court which would amend that award").

3. *The "manifest procedural error" standard does not apply to mandatory arbitration*

The Court of Appeals held the arbitrator's ruling constituted "manifest procedural error," warranting the conversion of Steinmetz's trial de novo request into a petition for a constitutional writ of certiorari. *Malted Mousse*, 113 Wn. App. at 163. To support this conclusion, the court cited *Smukalla v. Barth*, 73 Wn. App. 240, 246, 868 P.2d 888 (1994), and *Bongirno v. Moss*, 93 Wn. App. 654, 661, 969 P.2d 1118 (1999). *Smukalla* involved a mandatory arbitration proceeding in which the arbitrator found for the defendant and awarded the plaintiff nothing. *Smukalla*, 73 Wn. App. at 242. The defendant, though failing to do so at arbitration, moved the superior court for attorney fees under the frivolous claim statute, RCW 4.84.185, which the court denied. *Id*. Division Two of the Court of Appeals held the defendant could not seek attorney fees from the court, as it was the "wrong forum" in which to make such a request. *Id*. at 246. In dicta the court went on to say, "An aggrieved party could also challenge the arbitrator's award before the superior court *by claiming a manifest procedural error*, but could not otherwise avoid the arbitrator's award without pursuing a trial de novo." *Id*. (emphasis added).

The court in *Bongirno*, despite RCW 7.06.050 and MAR 7.1-7.2, stated its review of the chapter 7.06 RCW mandatory arbitration award was " 'limited to that of the court which confirmed, vacated, modified or corrected that

award.' " *Bongirno*, 93 Wn. App. at 657 (quoting *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992)). Moreover, the court followed *Smukalla* and reaffirmed the manifest procedural error avenue for parties aggrieved in mandatory arbitration, noting:

> This phrase ["manifest procedural error"] *apparently refers to RCW 7.04.170*, which permits the superior court to modify or correct an arbitration award on grounds of "evident miscalculation of figures, or an evident mistake in the description of any person, thing or property," or "imperfect[ion] in a matter of form, not affecting the merits of the controversy."

*Id.* at 661 n.6 (emphasis added) (second alteration in original). The Court of Appeals below relied on this manifest procedural error standard as its basis for reversing the trial court. *Malted Mousse*, 113 Wn. App. at 161.

 We take this opportunity to clarify the confusing precedent which originated in *Bongirno* and *Smukalla*. The manifest procedural error standard has no basis in review of mandatory arbitrations, especially because the statutory right to a trial de novo exists.[8] As the *Bongirno* court noted, the phrase manifest procedural error apparently derives from the private arbitration statute, chapter 7.04 RCW. However, this phrase is wholly absent from chapter 7.06 RCW and the mandatory arbitration rules. Its precedential value is severely undercut since it originated in dicta. *See State v. Potter*, 68 Wn. App. 134, 149 n.7, 842 P.2d 481 (1992) ("Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed."); *see also Adams v. Dep't of Soc. & Health Servs.*, 38 Wn. App. 13, 16-17, 683 P.2d 1133 (1984). Private arbitration and man-

---

[8] Malted Mousse, relying on *Bongirno*, argues that the Court of Appeals erred when it went beyond the "face of the document" in considering the arbitrator's cover letter as part of the award. *See* Pet. for Review at 14-18, Suppl. Br. of Pet'r at 8-11. *Bongirno* did reject a party's reference to a letter deferring the attorney fee issue to the court, as the letter was not referred to in the arbitration award. *Bongirno*, 93 Wn. App. at 662-63. However, as previously shown, a court conducting a trial de novo of a mandatory arbitration appeal should not consider the arbitration award *at all. See* MAR 7.2(b)(1).

datory arbitration serve different purposes. As stated *supra*, the standards by which an aggrieved party appeals an arbitral proceeding differ between private arbitration and mandatory arbitration. We hold these standards may not be intertwined.[9]

B. A constitutional writ of certiorari should not issue where there is an adequate remedy at law such as the trial de novo.

Because we conclude the trial de novo is the sole way to appeal an adverse decision in chapter 7.06 RCW arbitration, we must address the Court of Appeals' conversion of Steinmetz's request to a constitutional writ of certiorari.

■■ Superior courts have the power to issue constitutional or statutory writs of certiorari. CONST. art. IV, § 6;[10] chapter 7.16 RCW. A statutory writ of certiorari is mandated where a petitioner shows that: "(1) an inferior tribunal or officer (2) exercising judicial functions (3) exceeded its jurisdiction or acted illegally, and (4) there is no other avenue of review or adequate remedy at law." *Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 845, 991 P.2d 1161 (2000). Absence of any of the four factors prevents superior court review. *Id.* Neither party nor the Court of Appeals alleged that a statutory writ is proper in this case, which is correct considering the trial de novo is an adequate remedy at law.

■■ "The fundamental purpose of the constitutional writ of certiorari is to enable a court of review to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority." *Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 292, 949 P.2d 370

---

[9] Both *Bongirno* and *Smukalla* may have reached the correct result, but those courts used flawed reasoning to do so. To the extent *Bongirno* and *Smukalla* permit the manifest procedural error standard in trials de novo or appellate review of chapter 7.06 RCW arbitrations, they are disapproved.

[10] "[Superior] courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties." CONST. art. IV, § 6.

(1998). A court will grant review under article IV, section 6 only if the petitioning party "can allege facts that, if verified, would establish that the lower tribunal's decision was illegal or arbitrary and capricious." *Id.* (citing *Pierce County Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 693-94, 658 P.2d 648 (1983)). Constitutional writs of certiorari will not issue if another avenue of review, such as a statutory writ or direct appeal, is available. *Id.* at 293; *see also Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 253, 724 P.2d 1110 (1986).

 In *Wilkinson* a labor dispute between employees and the Clark County Public Utility District was submitted to arbitration pursuant to the terms of the collective bargaining agreement. We held the constitutional writ of certiorari was appropriate because there was *"no statutory mechanism for judicial review* of public employment labor arbitrations." *Wilkinson*, 139 Wn.2d at 846 (emphasis added). Conversely, a party retains a statutory right to a trial de novo, complete with the right to a jury, in mandatory arbitrations. RCW 7.06.050, .070. Thus, a constitutional writ is wholly inapplicable where an adequate remedy such as the trial de novo is available.[11]

 We have previously recognized that legislative enactments may not dissolve the courts' inherent power to review illegal or manifestly arbitrary actions. *See Kreidler v. Eikenberry*, 111 Wn.2d 828, 835, 766 P.2d 438 (1989) (recognizing "the court's 'constitutional power of review cannot be abridged by legislative enactment.' ") (quoting *State ex rel. Cosmopolis Consol. Sch. Dist. No. 99 v. Bruno*, 59 Wn.2d 366, 369, 367 P.2d 995 (1962)). Certainly this is true, and the trial de novo process established in RCW 7.06.050 and MAR 7.1-7.2 cannot be deemed to eliminate

---

[11] This view does not disturb our recent holding which addressed an appellate court's scope of review of an arbitration decision challenged by a constitutional writ. *See Clark County Pub. Util. Dist. No. 1 v. Int'l Bhd. of Elec. Workers*, 150 Wn.2d 237, 76 P.3d 248 (2003). We clarified the inquiry to "whether the arbitrator acted illegally by exceeding his or her authority *under the contract." Id.* at 245 (emphasis added). Because mandatory arbitration differs from private arbitration, *see* discussion *supra* at 526-27, *Int'l Bhd. of Elec. Workers'* clarification is inapplicable to this case.

the constitutional writ. However, we have noted the legislature may provide a mechanism for judicial review, such as it did with the Land Use Petition Act, chapter 36.70C RCW, for land use decisions, which were traditionally subject to constitutional writs of certiorari. *See Wilkinson,* 139 Wn.2d at 846 n.6. Similarly, in the context of mandatory arbitration the legislature has provided a meaningful avenue for relief through the trial de novo.[12] Consequently, the Court of Appeals erred by utilizing a constitutional writ to reverse an arbitrator's award under chapter 7.06 RCW.

C. Steinmetz's failure to file a proper request to MAR 7.1 precludes him from now seeking a trial de novo.

 Malted Mousse argues that Steinmetz's July 10, 2000 request for a trial de novo did not strictly comply with MAR 7.1, and therefore is an ineffective request for such a trial. As a result, Malted Mousse argues, any further request for a trial de novo would be untimely. The request for a trial de novo "shall be in substantially the form" as follows:

> Please take notice that [name of aggrieved party] requests a trial de novo from the award filed [date].

MAR 7.1(a). Steinmetz's request of July 10, 2000 provided:

> Please take notice that Michael A. Steinmetz, Defendant, requests a trial de novo/review from the Amended Arbitration Award concerning attorney fees only filed June 20, 2000 . . . . Defendant is not by this notice requesting a trial de novo of the Arbitration Award dated June 6, 2000 regarding the merits of the case in chief.

CP at 27. A request is not substantially the form as provided in the rules if it seeks relief outside the trial court's jurisdiction, such as requesting a partial trial de novo. *Accord City of Bellevue v. Hellenthal,* 144 Wn.2d 425, 431, 28 P.3d 744 (2001) (holding IRLJ 6.6, which allows a

---

[12] Crucial to the Court of Appeals' analysis is its ruling that arbitrators do not have the authority to unilaterally rule on a statute's unconstitutionality. *See Malted Mousse,* 113 Wn. App. at 163. We need not decide the scope of an arbitrator's unilateral power since Steinmetz had a remedy: the trial de novo.

certificate in *"'substantially' . . . the form"* articulated in the rule to be used in lieu of an expert witness in a contested traffic hearing, is satisfied so long as the "substance of the rule's requirements are contained in the form used." (emphasis added)). Consequently, Steinmetz's July 10, 2000 request is an ineffective trial de novo request. Because Steinmetz failed to properly file his request within 20 days after the arbitrator's award was filed, he can no longer seek review by trial de novo. As such, the arbitration award should be confirmed with Steinmetz prevailing on the merits and such further proceedings as are consistent with this opinion.

## II. Attorney Fees

■■■ Finally, Malted Mousse moves that it is entitled to an award of reasonable attorney fees on appeal because Steinmitz's appeal is allegedly frivolous. Reasonable attorney fees are recoverable on appeal only if allowed by statute, rule, or contract and the request is made pursuant to RAP 18.1(a). This court has the power to require a party to "pay terms or compensatory damages" caused by a "frivolous appeal." RAP 18.9(a). "An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there was no reasonable possibility of reversal." *Fay v. N.W. Airlines*, 115 Wn.2d 194, 200-01, 796 P.2d 412 (1990). Given the substantial lack of clarity to proper resolution of this issue and Malted Mousse's failure to cite in its briefs any other basis for reasonable attorney fees on appeal other than frivolity, *see* RAP 18.1, an award of reasonable attorney fees on appeal would be inapropriate under the standard enunciated in *Fay*.[13]

---

[13] Malted Mousse argues in its motion for reconsideration that it is entitled to reasonable attorney fees under MAR 7.3 as Steinmetz did not improve his position on appeal from the trial de novo. Malted Mousse's failure to make this argument in its briefs to the Court of Appeals and this court precludes an award of reasonable attorney fees incurred on appeal. *See* RAP 18.1(a); *Hedlund v. Vitale*, 110 Wn. App. 183, 190-91, 39 P.3d 358, *review denied*, 147 Wn.2d 1015 (2002). Malted Mousse is not precluded, however, from seeking reasonable attorney fees on remand for those fees incurred at the trial court level; however, we express no opinion on whether such fees should be awarded.

## CONCLUSION

We reverse the Court of Appeals and remand to the Pierce County Superior Court for entry of judgment in accordance with the original arbitration award and such further proceedings as may be appropriate. Malted Mousse's motion for reasonable attorney fees on appeal is denied, but it is awarded its statutory costs on appeal. RAP 14.2.

ALEXANDER, C.J., and JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

After modification, further reconsideration denied March 11, 2004.