[No. 28660-6-III.   Division Three.   January 11, 2011.]

CANDACE SPLATTSTOESSER, *Petitioner*, v. KENNETH W. SCOTT ET AL., *Respondents*.

*Martin A. Peltram*, for petitioner.

*Jennifer D. Gaffaney* (of *Quane Smith LLP*) and *Randall R. Adams* (of *Carey Perkins LLP*), for respondents.

¶1 KORSMO, A.C.J. — This court granted discretionary review to determine if misnaming the sole "aggrieved party" voids a request for a trial de novo. We agree with the trial court that amendments to the Mandatory Arbitration Rules (MAR) do not require that result and affirm.

## FACTS

¶2 Petitioner Candace Splattstoesser was stopped in her car at a red light when a car driven by respondent Kenneth

Scott struck her from behind. Ms. Splattstoesser subsequently filed suit against Mr. Scott. His answer admitted the collision but denied that he had been negligent.

¶3 The parties agreed to submit the case to arbitration. The arbitration was heard September 16, 2009. The arbitrator awarded Ms. Splattstoesser $18,014 in damages. The award consisted of $5,514 in special damages and $12,500 in general damages. The award was filed in the Spokane County Superior Court on September 28, 2009.

¶4 Counsel for Mr. Scott filed a request for trial de novo and a certificate of service on October 7, 2009. The sentence containing the trial request identified the requesting party as "the Defendant, Simon Larson," instead of Kenneth Scott.[1] The caption and other information on the form correctly identified the case and the parties. Counsel for Ms. Splattstoesser called counsel for Mr. Scott and advised her about the error. No effort was made to amend the notice.

¶5 Counsel for Ms. Splattstoesser moved to strike the jury demand on the basis that it was not timely filed or served. Counsel for Mr. Scott moved to continue the trial. Both motions were heard at the same time.

¶6 The superior court denied the motion to strike and granted the continuance. With respect to the jury demand, the trial court found the request timely and determined the defect to be an "obvious" scrivener's error. Striking the jury demand would be an overly harsh remedy.

¶7 Ms. Splattstoesser's counsel filed a notice of appeal from the order denying the motion to strike. A commissioner of this court ruled that the appeal would be treated as a notice for discretionary review. Determining that the trial court's ruling arguably conflicted with case law requiring strict compliance with MAR 7.1(a), the commissioner granted discretionary review. RAP 2.3(b)(1), (2).

---

[1] We were advised at oral argument that counsel erred when overwriting a previous form for use in this case.

## ANALYSIS

¶8   The question presented is whether the error in identifying the requesting party invalidates the request for a jury trial. While such an error would likely have invalidated a request under the former version of MAR 7.1(a), the error was not fatal under the current rule.

¶9   MAR 7.1(a), as amended, effective September 1, 2001, states (emphasis added):

(a) **Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended. The request for a trial de novo shall not refer to the amount of the award and *shall be in substantially the form set forth below*:

SUPERIOR COURT OF WASHINGTON
FOR [_____] COUNTY

| _____, | ) | No. _____ |
| Plaintiff, | ) | |
| v. | ) | REQUEST FOR |
| _____, | ) | TRIAL DE NOVO |
| Defendant, | ) | |

TO: The clerk of the court and all parties:

Please take notice that [name of aggrieved party] requests a trial de novo from the award filed [date] .

Dated: _____      _____

                               [Name of attorney
                               for aggrieved party]

¶10   The italicized language was added by amendment in 2001. Prior to that amendment, the italicized language had stated that the jury request "shall be in the following form." The request form itself was not changed by the 2001 amendment. 143 Wn.2d at 1134-1135.

¶11 The amendment resulted from a request by the Washington State Bar Association. The GR 9(d) coversheet stated, in part, that the reason for the request was:

> The committee was concerned that if a party deviated even slightly from the form set out in the rule, even because of a typographical error, an argument could be made that there had been no valid request for a trial de novo. The Supreme Court's narrow interpretation of the rule in *Nevers v. Fireside*, 133 Wn.2d 804, 947 P.2d 721 (1997), although focused on proof of service, was part of the impetus for the suggested rule change.

> The formulation of current MAR 7.1 is also an exception to that employed elsewhere in the court rules, where the requirement is that the form used be "substantially" the same as the one actually printed in the rule. For example, see the plea of guilty form in CrR 4.2(g), the summary memorandum form in CrR 4.5(h), or RAP 18.10, which provides that a person may use "any form which substantially complies with these rules" and that the forms set forth in the Appendix to the RAPs are "only illustrative."

> The committee thus proposes that the rule be amended to provide that the request for a trial de novo ". . . shall be in substantially the form set forth below [followed by the form currently printed in the rule]."

GR 9(d) Cover Sheet; Washington Supreme Court Order No. 25700-A-706 (June 8, 2001).

¶12 Construction and application of MAR 7.1(a) has been at issue in several cases. The Washington Supreme Court first looked at the rule in *Nevers*, 133 Wn.2d 804. There the court determined that strict compliance with MAR 7.1(a) was both dictated by the plain language of the rule and necessary to effectuate the purpose of mandatory arbitration. *Id.* at 815. The court ruled that because the respondents had failed to timely file their proof of service, their request for trial de novo failed. *Id.* at 815-816.

¶13 The court revisited the rule in a case factually closer to this one in *Wiley v. Rehak*, 143 Wn.2d 339, 20 P.3d 404 (2001). There the respondent had sued three men over injuries received in an automobile accident. All three defen-

dants were represented by the same counsel. *Id.* at 341-342. The matter proceeded to arbitration. Damages were awarded the plaintiff against the driver of the car, but no award was made against the other two defendants. *Id.* at 342. A trial demand was filed and listed the aggrieved parties as the "defendants" but named only the two men who had no award entered against them. The demand did not list the driver's name. *Id.* After the 20-day deadline had passed, the driver attempted to have his name added to the demand. *Id.* The trial court permitted the amendment, but the Court of Appeals reversed. *Id.* at 343.

¶14 The Washington Supreme Court agreed. The court reasoned that leaving the driver's name off the jury demand was "not an inconsequential error, but rather is a failure to strictly comply with the requirements." *Id.* at 345. The argument that the error was inconsequential and substantially complied with the rule was foreclosed by *Nevers. Id.* at 345-346.

¶15 Since *Wiley*, courts have continued to address problems complying with MAR 7.1(a) by applying the strict compliance standard of *Nevers. See, e.g., Alvarez v. Banach*, 153 Wn.2d 834, 836, 109 P.3d 402 (2005) (service not timely accomplished under strict compliance where affidavit stated that the notice was given to a messenger " 'to be delivered' "); *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 79 P.3d 1154 (2003) (attempt to obtain partial trial de novo from only postaward ruling invalid under rule); *Manius v. Boyd*, 111 Wn. App. 764, 47 P.3d 145 (2002) (form of affidavit of service).

¶16 Ms. Splattstoesser unsurprisingly argues that this case is controlled by both *Wiley* and the *Nevers* strict compliance standard followed in the above-noted cases published after the rule change. We disagree for several reasons.

¶17 First, *Wiley* was published six months before the 2001 amendments and necessarily applied the then-applicable strict compliance standard to the demand form. While the case is informative on the nature of an error, its

application of strict compliance to the form of the demand has been superseded by the rule change.

¶18 Second, only *Malted Mousse* involved a question about the demand form; the other cases involved questions about service and timeliness, issues that were not subject to the 2001 amendments.[2] The *Nevers* standard still applies to those issues. It no longer applies to the form of the demand notice.

¶19 Interestingly, in its review of the demand form, *Malted Mousse* quoted and used the substantial compliance standard of the 2001 amendment even though the jury demand had been filed in that case in 2000. 150 Wn.2d at 534. The court ruled that the request was not in substantial compliance because it requested relief outside the trial court's jurisdiction. *Id.* Because of that, and the fact that the demand request was filed more than 20 days after the arbitration award (although within 20 days of the postaward ruling it sought to challenge), the court concluded that a trial de novo could no longer be demanded. *Id.*

¶20 The case law simply does not support Ms. Splatt-stoesser's argument that the demand form still must strictly comply with the rule. The question then becomes whether the trial court correctly determined that the trial demand substantially complied with the form found in MAR 7.1(a). Appellate courts review substantial compliance rulings for abuse of discretion. *Sacotte Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 143 Wn. App. 410, 415, 177 P.3d 1147, *review denied*, 164 Wn.2d 1026 (2008). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ ¶21 The trial court had tenable grounds for concluding that the notice substantially complied with the rule format. The demand had the correct court caption and file number. The demand told the clerk exactly what was

---

[2] With the exception of *Alvarez*, which involved a service of process issue, the other cases involved demand forms that were filed before the 2001 amendment.

desired—a trial de novo from the September 28, 2009 award. It was signed by counsel of record for the defendant. The demand was identified as coming from the defendant. The only error was in the ensuing listing of "Simon Larson" as the defendant.

¶22 The clerk was not misled by the error; the notice was placed in the appropriate file. Counsel for Ms. Splattstoesser was not misled by the error. He promptly moved to dismiss the notice, fully aware that it applied to his client's case.

¶23 This case is not governed by *Wiley* because of the differing compliance standard and the significant factual difference that there was only one defendant in this case. In *Wiley*, there were three defendants, but only two were identified as persons seeking a trial. Even though it was undoubtedly an error in identifying the party seeking a trial, it was not beyond reason that the defendant driver would accept the adverse arbitration verdict. Allowing the amendment would change the nature of the parties before the court and allow an untimely filing in contravention of the policy requiring strict compliance with deadlines.

¶24 Here there was only one defendant. Misnaming that person on the demand line where he was properly named in the caption simply did not affect anything. Ms. Splattstoesser knew that a trial was being demanded. The county clerk knew. The attorneys for the parties knew. Under these circumstances, there was substantial compliance.

¶25 The trial court did not abuse its discretion in finding substantial compliance. It had tenable grounds for doing so.

¶26 Both parties seek attorney fees under MAR 7.3. Ms. Splattstoesser is not a prevailing party in this action and has not improved her position. She is not entitled to attorney fees at this juncture. *Wiley*, 143 Wn.2d at 348. Mr. Scott is not entitled to attorney fees because there has yet to be a trial de novo and he has yet to improve

his position. *Holt v. Gambill*, 123 Wn. App. 685, 692, 98 P.3d 1254 (2004).

¶27 Affirmed.

BROWN and SIDDOWAY, JJ., concur.