FILED
6/21/2022
Court of Appeals
Division I
State of Washington

THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| MILENA KHMELNITSKAYA, | No. 82823-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ZHAOXIANG WANG and JANE DOE WANG, husband and wife, and the marital community composed thereof, | |
| Respondents. | |

ANDRUS, C.J. — Milena Khmelnitskaya appeals the order striking her request for a trial de novo filed after an adverse arbitration decision arising out of a motor vehicle collision with Zhaoxiang Wang. Because Khmelnitskaya failed to sign the request for a trial do novo within the statutory time period, as required both by statute and court rule, we affirm.

FACTS

Milena Khmelnitskaya and Zhaoxiang Wang were involved in a motor vehicle collision on January 5, 2019 in Bellevue. The parties disputed liability and Khmelnitskaya sued Wang for negligence. On October 7, 2020, Khmelnitskaya filed a statement of arbitrability and the court transferred the case to arbitration.

At an April 13, 2021 arbitration, the arbitrator found for Wang and entered an arbitration award in his favor. On May 3, 2021, Khmelnitskaya's attorney filed

Citations and pin cites are based on the Westlaw online version of the cited material.

a notice of withdrawal and substitution of counsel and, the same day, her new attorney filed a request for a trial de novo. The request did not include Khmelnitskaya's signature and was signed only by her attorney.

Wang filed a motion to strike the request based on Khmelnitskaya's failure to sign it, as required by both RCW 7.06.050 and Superior Court Civil Arbitration Rule (SCCAR) 7.1. The court granted Wang's motion on May 27, 2021. The parties stipulated to an order of dismissal with prejudice, which the court granted on June 15, 2021. The order noted that "[b]y striking the Request for Trial de Novo, the court made a decision determining [the] action," and that the stipulation "is not intended to be construed as a waiver of Plaintiff's right to seek review of the court's Order on Defendant's motion."

Khmelnitskaya appeals.

ANALYSIS

RCW 7.06.050(1) provides:

Within twenty days after [the arbitrator files their decision and award with the clerk of superior court], any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. *The notice must be signed by the party.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.

(Emphasis added.) The court rule implementing this statute, SCCAR 7.1(b), like RCW 7.06.050(1), explicitly requires that a party sign the form requesting a trial de novo. The court rule provides:

(b) Form. The request for a trial de novo shall not refer to the amount of the award, including any award of costs or attorney fees, and shall be substantially in the form set forth below, and must be signed by the party:

SUPERIOR COURT OF WASHINGTON FOR
[_____] COUNTY

_____, ) No. _____
                  Plaintiff, )
v.                          ) REQUEST FOR
_____, ) TRIAL DE NOVO
                  Defendant. )

TO: The clerk of the court and all parties:

Please take notice that [*name of aggrieved party*] requests a trial de novo from the award filed ___[*date*]___.

Dated:_____          _____
                                [Signature of aggrieved party]
                                [Printed Name]:
                                [Title, if applicable]

                                [Name of attorney for aggrieved party

In *Hanson v. Luna-Ramirez*, 19 Wn. App. 2d 459, 462, 496 P.3d 314 (2021) and *Mangan v. Lamar*, 18 Wn. App. 2d 93, 96-97, 496 P.3d 1213 (2021), this court held that RCW 7.06.050(1) and SCCAR 7.1(b) are clear and unambiguous: a request for a trial de novo must be signed by the aggrieved party and the signature of that party's attorney alone is insufficient to comply with the statute or court rule.

Despite this precedent, Khmelnitskaya argues that the signature requirement contained in RCW 7.06.050 and SCCAR 7.1 is not a "core filing requirement," that the legislature's use of the words "must" and "shall in the statute renders it ambiguous, that her failure to sign the request was excusable error, and that her attorney conducted "ordinary diligence" in filing the request without his client's signature by using a form his paralegal found on a court web site. We reject these arguments.

First, Khmelnitskaya contends that the legislature's use of the word "must" as opposed to "shall" when it added the signature requirement to RCW 7.06.050 renders the statute ambiguous. Had the legislature used the word "shall," she suggests, rather than the word "must" in the sentence relating to signing the notice, it would have demonstrated an intent to make the party's signature mandatory. But, she contends, the word "must" means something different. We see no difference between the plain meaning of the words "shall" and "must" in legislation; they both denote a mandatory requirement. "Must," in this context, means "is required by law." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1492 (2002). "Shall," in the legislative context, similarly means "used in laws, regulations, or directives to express what is mandatory." *Id.* at 2085. The statute is not ambiguous.

Next, Khmelnitskaya contends that strict compliance with RCW 7.06.050 is not required because a party's signature is not a "core filing requirement," citing Justice Chambers's concurrence in *Alvarez v. Banach*, 153 Wn.2d 834, 109 P.3d 402 (2005). In that case, a majority of our Supreme Court held that Superior Court Mandatory Arbitration Rule (MAR) 7.1, SCCAR 7.1's predecessor, required strict compliance with its filing requirements.[1] *Id.* at 838. The court held that the plaintiff's failure to prove he had served the opposing party with his trial de novo request failed to meet the strict compliance requirements of the court rule. *Id.* at 840.

---

[1] The Supreme Court and this court have consistently required strict compliance with filing requirements of MAR 7.1. *See Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815, 947 P.2d 721 (1997); *Roberts v. Johnson*, 137 Wn.2d 84, 90, 969 P.2d 446 (1999); *Wiley v. Rehak*, 143 Wn.2d 339, 344, 20 P.3d 404 (2001); *Malted Mousse v. Steinmetz*, 150 Wn.2d 518, 529, 79 P.3d 1154 (2003); *Vanderpol v. Schotzko*, 136 Wn. App. 504, 507, 150 P.3d 120 (2007).

In a concurrence, Justice Chambers noted that "while we require strict compliance with the time requirements of filing a request for trial de novo, we have never required that the *form* of the proof of service requires strict compliance." *Id.* at 841. Khmelnitskaya relies on this sentence to argue that strict compliance with the signature requirement of RCW 7.06.050 is not necessary.

But *Alvarez* did not address the party-signature requirement. The only issue in *Alvarez* was whether the plaintiff had filed adequate proof of service. The court concluded that the declaration of service, which said the trial de novo request was "to be served" on a particular date, and not that it was in fact served, failed to comply with the MAR 7.1 proof of service requirement. *Id*. at 840. Justice Chambers concurred in this holding. Khmelnitskaya's reliance on his concurrence is therefore misplaced.

Khmelnitskaya also asks us to apply *Splattstoesser v. Scott*, 159 Wn. App. 332, 246 P.3d 230 (2011) and to require only substantial compliance, rather than strict compliance, with SCCAR 7.1. In *Splattstoesser*, Division Three held that a 2001 amendment to MAR 7.1(a) requiring the form of the notice to be "in substantially the form set forth below," superseded prior Supreme Court precedent requiring strict compliance with the rule's filing requirements. *Id.* at 336-38. SCCAR 7.1, like its predecessor rule, contains the same language. The court concluded that a defendant who filed a timely request for a trial de novo substantially complied with MAR 7.1(a)'s format requirements despite misidentifying the name of the defendant in the body of the form. *Id.* The caption correctly identified the defendant, there was only one defendant in the lawsuit, and the form clearly requested a trial de novo for the defendant. *Id.* at 334. Under

these circumstances, Division Three held that the trial court did not abuse its discretion in concluding that the defendant had substantially complied with the rule. *Id.* at 339.

There are two problems with following *Splattstoesser* here. First, even if the court rule permits less than strict compliance, the statute does not. There was no contention in *Splattstoesser* that the party failed to comply with a statute requiring a party to sign a pleading. Second, either the party signed or she did not. Khmelnitskaya concedes she did not sign the notice within the twenty day period for doing so. As we stated in *Mangan*, "[n]oncompliance is not substantial compliance." 18 Wn. App. 2d at 97. Even if substantial compliance were sufficient, she failed to demonstrate it.

Khmelnitskaya next argues that her failure to sign the request was excusable error, citing cases she contends are analogous. But these cases do not involve SCCAR 7.1 and do not hold that the omission of a statutorily-required signature is excusable error. *See Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 765, 764 P.2d 653 (1988) (RAP 18.8(b) permits appellate courts to enlarge the time in which a party may file a notice of appeal under "extraordinary circumstances"); *Griffith v. City of Bellevue*, 130 Wn.2d 189, 194, 922 P.2d 83 (1996) (CR 11 governed whether a timely petition for writ of certiorari under RCW 7.16.050 should be dismissed for lack of signature).

Finally, Khmelnitskaya argues that her failure to sign the request for trial de novo was excusable error because her attorney conducted ordinary diligence and reasonably relied on a form that the trial court posted on its web site—a form she contends lacks any reference to the need for the party to sign it. But both the

statute and current court rule put parties on notice that the aggrieved party is required to execute this form before filing it in superior court. The current court rule, and not an outdated form inconsistent with the rule, governs.

Moreover, Wang presented evidence that the form Khmelnitskaya used was dated March 2019, whereas another form available on the superior court's website, with a revision date of August 2019, had been updated to reflect the new statutory requirement and SCCAR 7.1 form language.[2] The trial court did not abuse its discretion in determining that Khmelnitskaya's reliance on a court form, without reviewing the applicable statute and court rule, was not excusable neglect.

We adhere to our decisions in *Hanson*, 19 Wn. App. 2d 459, and *Mangan*, 18 Wn. App. 93, to hold that the trial court did not err in striking Khmelnitskaya's request for a trial de novo.

Affirmed.

Andrus, C.J.

WE CONCUR:

---

[2] To be fair, we found both forms, one dated March 2019 and one dated August 2019, on different pages of the King County web site. *See* https://kingcounty.gov/courts/clerk/forms.aspx (No. 48 Request for Trial de Novo and for Clerk to Seal Arbitration Award with 3/13/19 revision date, without separate signature line for aggrieved party); and https://kingcounty.gov/courts/superior-court/civil/arbitration-forms.aspx (Request for Trial De Novo with "8/19" revision date with separate signature line for aggrieved party) (last visited June 13, 2022).