IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN HIGGINS d/b/a NW PROKLEEN,<br><br>              Appellant,<br><br>         v.<br><br>KCD TRUCKING, INC.,<br><br>              Respondent. | No. 86648-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — John Higgins d/b/a NW ProKleen appeals from orders that struck his request for trial de novo and awarded attorney fees to KCD Trucking Inc. NW ProKleen filed a request for a trial de novo after arbitration, but KCD Trucking moved to strike it for failure to comply with the relevant rule as to form. Because NW ProKleen failed to adhere to the rules for a petition for a trial de novo, which require strict compliance, the trial court did not err and we affirm.

FACTS

NW ProKleen and KCD Trucking Inc. entered into an oral agreement for NW ProKleen to perform cleaning services, but they did not agree on a price prior to performance. The parties concur that NW ProKleen provided some of the agreed-upon services and KCD Trucking did not pay. In October 2022, NW ProKleen filed suit against KCD Trucking, presenting claims based on quantum meruit and unjust enrichment. In March 2023, NW ProKleen filed a statement of arbitrability that

asserted the case was subject to arbitration based on King County Superior Court local civil arbitration rules. The parties proceeded to arbitration in October 2023 wherein both of NW ProKleen's claims for relief were considered. In their October 13, 2023 award, the arbitrator concluded that the parties never reached a meeting of the minds on the terms of compensation, but they did agree on the number of work hours actually performed, which entitled NW ProKleen to reasonable compensation for those services. On that basis, the arbitrator awarded NW ProKleen a total of $7,626 for its work. On October 10, NW ProKleen made a timely request for a trial de novo, however it was signed by its counsel, Jeffery Wheat, instead of Higgins, the proprietor.

KCD Trucking seized on the issue regarding the signature and on November 9, brought a motion to strike NW ProKleen's request for failure to conform with RCW 7.06.050 and Superior Court Civil Arbitration Rule (SCCAR) 7.1. Both the statute and rule require that such a request be signed by the aggrieved party. On December 7, the trial court granted KCD Trucking's motion to strike and awarded fees in an amount to be determined separately. This order also reinstated the original arbitration award to NW ProKleen. KCD Trucking filed its petition for fees and documentation in support of its $8,320.50 request approximately one week later. NW ProKleen challenged the amount of fees sought, alleging it was "excessive and unreasonable." On February 13, 2024, the judge awarded KCD Trucking $8,847.96 in attorney fees and costs, which included fees incurred during litigation of the fee request. The order striking the request for trial de novo also reinstated the original arbitration award, so, on April 11, 2024, the court entered judgment against NW ProKleen in the amount of $1,221.96;

the amount of fees it had awarded to KCD Trucking, less the amount KCD Trucking owed to NW ProKleen pursuant to the arbitration award.

NW ProKleen timely appealed.

ANALYSIS

NW ProKleen offers three reasons to reverse the court's December 2023 order that struck its request for trial de novo: that it substantially complied with the relevant rule, that it should have been allowed to correct its error regarding the signature, and that striking its request "was an overly harsh remedy not warranted under the circumstances." It also provides a number of arguments in support of reversal of the February 2024 attorney fee award.[1] However, its various contentions on both challenges are unavailing.

I.      Signature Requirements for Requests for Trial de Novo

The intertwined court rules and statutes that govern mandatory arbitration control NW ProKleen's first assignment of error regarding the December 2023 order that struck its request for trial de novo. "[W]e interpret arbitration rules 'as though they were drafted by the Legislature.'" *Crossroads Mgmt., LLC v. Ridgway*, 2 Wn.3d 528, 537, 540 P.3d 82 (2023) (quoting *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997)). We must "construe these rules consistently with their purpose." *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 525, 79 P.3d 1154 (2003).

---

[1] NW ProKleen's brief also contains a number of allegations that counsel for KCD Trucking deviated from professional and ethical standards, supported with citations to our State's professional conduct rules and orders from disciplinary proceedings. Because a direct appeal is not the proper forum to resolve such complaints, we decline to consider those arguments or authorities.

Statutory interpretation is intended to "'ascertain and carry out the Legislature's intent.' If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent." *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 87, 546 P.3d 385 (2024) (citation omitted) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). Our "review of the application of a court rule or law to the facts is de novo." *Malted Mousse*, 150 Wn.2d at 525.

Court rules allow any aggrieved party to seek a trial de novo following arbitration.

> (a) Service and Filing. Any aggrieved party not having waived the right to appeal may request a trial de novo in the superior court. Any request for a trial de novo must be filed with the clerk and served, in accordance with CR 5, upon all other parties appearing in the case within 20 days after the arbitrator files proof of service of the later of: (1) the award or (2) a decision on a timely request for costs or attorney fees. A request for a trial de novo is timely filed or served if it is filed or served after the award is announced but before the 20-day period begins to run. The 20-day period within which to request a trial de novo may not be extended.
>
> (b) Form. The request for a trial de novo shall not refer to the amount of the award, including any award of costs or attorney fees, and shall be substantially in the form set forth below, *and must be signed by the party.*

SCCAR 7.1 (emphasis added) (boldface omitted). RCW 7.06.050(1) contains similar requirements:

> Following a hearing as prescribed by court rule, the arbitrator shall file [their] decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. *The notice must be signed by the party.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.

(Emphasis added.) Both the rule and statute expressly establish that the request *must* be signed by the aggrieved party. SCCAR 7.1(b); RCW 7.06.050(1). As recently as December 2023, two weeks after the trial court's ruling here, our Supreme Court addressed this very issue and unequivocally held that "[t]he plain language of the statute and the court rule establish a mandatory rule by using 'must.'" *Crossroads Mgmt.*, 2 Wn.3d at 538. It further explained that this requirement "essentially abrogates an attorney's authority as an agent to sign the request on behalf of the aggrieved party." *Id.* at 539.

NW ProKleen's arguments in briefing that this rule should be softened or excused are unavailing given this clear precedent from our State's highest court, in addition to the intent underlying our arbitration rules that require strict compliance. Anything less is simply noncompliance. *See, e.g., Mangan v. Lamar*, 18 Wn. App. 2d 93, 97, 496 P.3d 1213 (2021); *Crossroads Mgmt.,* 2 Wn.3d at 539*; Shepler v. Terry's Truck Ctr., Inc*, 25 Wn. App. 2d 67, 78, 522 P.3d 126 (2022); *Hanson v. Luna-Ramirez*, 19 Wn. App. 2d 459, 496 P.3d 314 (2021). The aggrieved party's signature is required for a procedurally compliant request for trial de novo; the rules clearly foreclose the possibility of an attorney's signature as a satisfactory substitute. "The case law underscores the importance of strict compliance with the arbitration statutes and rules as being essential to the goal of providing a swift, efficient, and less expensive path to the resolution of cases." *Crossroads Mgmt.*, 2 Wn.3d at 540. NW ProKleen made the initial request for a trial de novo within 20 days of the arbitration award as required, but KCD Trucking did not move to strike until after the period for such requests had closed. Allowing amendment after the statutory period to make the request had

passed would contravene the intent of the rule. NW ProKleen contends that this result is "overly harsh," but does not provide any authority to support reversal on that basis. The trial court did not err when it struck NW ProKleen's request due to its failure to comply with the controlling statute and rule.

II.     Fee Award

NW ProKleen also avers that the trial court erred in its award of attorney fees and costs to KCD Trucking because striking the request for a trial de novo was an error and there was no basis for an award, or alternatively, that the award was premature because the dispute never proceeded to trial.

We review the legal basis for a fee award by the trial court de novo. *Park Place Motors, Ltd. v. Elite Cornerstone Constr., LLC*, 18 Wn. App. 2d 748, 753, 439 P.3d 136 (2021). Both the trial court decision to award fees and the reasonableness of the award are reviewed for abuse of discretion. *Id.* The rule and statute use identical language to establish that the trial court "*shall* assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo." SCCAR 7.3; RCW 7.06.060 (emphasis added). "Although the rule does not explicitly address a situation where a request for a trial de novo is stricken on procedural grounds, Washington courts have held that former MAR 7.3 (1993), with the same language, provided for attorney fees under these circumstances." *Butler v. Finneran*, 22 Wn. App. 2d 763, 770-71, 516 P.3d 395 (2022).

Having concluded in Part I *supra* that the court did not err in striking NW ProKleen's request for trial de novo, we must now determine if the award of attorney

- 6 -

fees was premature as it contends. Even without instructive authority, an award following a strike on procedural grounds is consistent with the language and intent of the rule. NW ProKleen received an award from the arbitrator, but requested a trial de novo, presumably as it was unsatisfied with the amount awarded. However, because the request was stricken, NW ProKleen's position following arbitration was not improved.

Functionally, this is no different than a situation where the parties proceeded to the trial de novo, after which NW ProKleen did not prevail. In both scenarios, trial de novo or procedural disposition, the other party would have incurred fees in their own defense following the conclusion of arbitration. The fee award rule is intended to shift those expenses back onto the party that made the tactical decision to try to improve its position and, thus, drove up the cost of litigation for both parties. NW ProKleen attempted to improve its outcome in this dispute and fell short. More critically here, the record shows that the amount of fees awarded was within the trial court's discretion. The judge carefully reviewed the request and supporting documentation from KCD Trucking, along with NW ProKleen's opposition, and granted less than was originally sought, even marking up the invoice to note charges it deemed excessive. The trial judge had a proper legal basis to award fees, used sound discretion in arriving at the amount awarded, and thus did not err.

III.     Attorney Fees on Appeal

KCD Trucking requests an additional fee award for costs and fees incurred on appeal and appropriately devotes a portion of its briefing to this request, invokes RAP 18.1(a), and complies with RAP 18.1(b). Our appellate rules grant "a party the right

to recover reasonable fees and expenses" if authorized by the applicable law. RAP 18.1(a). KCD Trucking was awarded fees by the trial court pursuant to SCCAR 7.3 and RCW 7.06.060, and offers them as a basis for awarding fees on appeal. KCD Trucking also provides RCW 4.84.290 as authority that entitles it to additional fees. However, RCW 4.84.290, the heading of which is, "Attorneys' fees as costs in damage actions of ten thousand dollars or less—Prevailing party on appeal," is not applicable here because it is plainly limited to small claims where the amount pleaded is less than $10,000. (Boldface omitted.) While NW ProKleen did not plead a specified amount in its original complaint against KCD Trucking, the arbitrator's award establishes that NW ProKleen requested $60,000. Accordingly, this qualifying condition in RCW 4.84.290 is not supported by the record before us. However, if a statute allows for a fee award at trial, we have the authority to award fees on appeal. *Courchaine v. Commonwealth Land Title Ins. Co.*, 174 Wn. App. 27, 51, 296 P.3d 913 (2012). KCD Trucking has prevailed on appeal, offers appropriate authority and thus, is entitled to reasonable fees, subject to procedural compliance with RAP 18.1.

Affirmed.

WE CONCUR:

Díaz, J.                    Mann, J.